1  D. Greg Durbin, Cal. Bar No. 81749
2  MCCORMICK, BARSTOW, SHEPPARD, WAYTE &
   CARRUTH LLP
3  5 River Park Place East
   Fresno, California 93729-8912
4  Telephone:  (559) 433-1300
   Facsimile:   (559) 433-2300
5  Greg.Durbin@Mccormickbarstow.Com

6  Kathyleen A. O'Brien, Cal. Bar No. 94218
7  MORRISON & FOERSTER LLP
   555 West Fifth Street
8  Los Angeles, California  90013-1024
   Telephone:  (213) 892-5200
9  Facsimile:   (213) 892-5454
   Kobrien@Mofo.Com
10
11 Attorneys For Plaintiff
   E. & J. GALLO WINERY
12
   Ellen McGinty King (No. 71490)
13 WHITE & CASE LLP
   Five Palo Alto Square, 10th Floor
14 3000 El Camino Real
   Palo Alto, CA  94306
15 Telephone: 650-213-0300
   Facsimile:   650-213-8158
16
17 Jonathan E. Moskin
   WHITE & CASE LLP
18 1155 Avenue of the Americas
   New York, New York  10036
19 Telephone:  (212) 819-8200
   Facsimile:  (212) 354-8113
20 Attorneys for Defendant
   Cantine Rallo, S.p.A.
21

22           UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF CALIFORNIA

23 E. & J. GALLO WINERY,                    Case No.  1: 04 CV 5153 OWW DLB

24            Plaintiff,                    **CONFIDENTIALITY
                                            AGREEMENT AND
25        v.                                STIPULATED PROTECTIVE
                                            ORDER [PROPOSED]**
26 CANTINE RALLO, S.p.A.,
                                            Action Filed:  January 22, 2004
27            Defendant.

28

                            1

la-850996 v2

Subject to the approval of this Court, it is hereby stipulated and agreed, by and between plaintiff E. & J. Gallo Winery ("Gallo Winery"), and defendant Cantine Rallo, S.p.A. ("Rallo"), through their counsel in the above-captioned action, as follows:

1.     Any Party (the word "Party" is used herein to refer to Plaintiff and Defendant) or any other party who later appears in this action or becomes bound by the terms of this Confidentiality Agreement And Stipulated Protective Order [Proposed] (the "Stipulated Protective Order") may designate as "CONFIDENTIAL" any testimony, documents, records, or tangible things used, served, or produced by a Party (or by any other person or entity), which the designating Party in good faith believes contains, reflects, regards, or discloses that Party's trade secret, confidential financial, research, development, business, or proprietary information. CONFIDENTIAL Information that is particularly sensitive, private, or competitively valuable may be designated "HIGHLY CONFIDENTIAL."  This Stipulated Protective Order shall apply to both "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" Information.

2.     No Party may disclose or use any CONFIDENTIAL or HIGHLY CONFIDENTIAL Information in a manner that does not comply with the terms and conditions of this Stipulated Protective Order.

3.     CONFIDENTIAL or HIGHLY CONFIDENTIAL Information shall not be used for any purpose other than the conduct of this litigation.  No one shall be permitted access to CONFIDENTIAL or HIGHLY CONFIDENTIAL Information except to the extent necessary to assist in the prosecution, defense, settlement, or appeal of this action.  Notwithstanding the foregoing, any Party may use its own CONFIDENTIAL or HIGHLY CONFIDENTIAL Information for any purpose.

4.     CONFIDENTIAL Information shall be disclosed only to "Qualified Persons."  As used herein, a Qualified Person is:

(a)     Any attorney acting as counsel of record in this action, including staff and supporting personnel of such attorneys (*i.e.*, paralegal, office assistants, secretaries, stenographic or clerical employees or contractors, and outside copying services), to whom it is necessary that the materials be disclosed for purposes of this litigation;

2

(b)     Any attorney employed by either of the Parties, including staff and supporting personnel of such attorneys (*i.e.*, paralegal, office assistants, secretaries, stenographic or clerical employees or contractors, and outside copying services), to whom it is necessary that the materials be disclosed for purposes of this litigation, unless that attorney also serves as a non-legal officer or director of a Party;

(c)     Any Party who is an individual, and the current officers, directors and other employees or agents of the Parties who are business entities, but (1) only to the extent necessary to assist in the conduct or preparation of this litigation; and (2) only after the Qualified Person complies with Paragraph 5 of this Stipulated Protective Order;

(d)     Any person who is expressly retained or sought to be retained by a Party as a consultant or as a testifying expert provided that CONFIDENTIAL Information shall only be disclosed to any such person (1) to the extent necessary for that person to perform his or her work on this litigation; and (2) after compliance with Paragraph 5 of this Stipulated Protective Order;

(e)     With respect to any particular document that has been designated as CONFIDENTIAL Information, the author or addressee of that particular document, as well as any person who prepared or reviewed that document prior to the date this action was filed;

(f)     Any person who is designated to receive CONFIDENTIAL Information by order of this Court or by written stipulation of the Parties; and

(g)     The Court, court personnel, and any court reporters used in connection with this litigation.

However, HIGHLY CONFIDENTIAL Information shall be disclosed only to a Qualified Person described in Paragraphs 4(a), 4(b), 4(d), 4(e), 4(f), and 4(g), and shall not be disclosed to a Qualified Person described in Paragraph 4(c).

5.     A Qualified Person described in Paragraphs 4(c) and 4(d) above shall not have access to CONFIDENTIAL or HIGHLY CONFIDENTIAL Information until he or she has certified in writing (by executing an Acknowledgment in the form attached hereto as Exhibit "A") that he or she has read this Stipulated Protective Order and agrees to be bound by its terms.  The Party disclosing CONFIDENTIAL or HIGHLY CONFIDENTIAL Information shall retain a

3

1   copy of all Acknowledgments signed by any Qualified Person to whom disclosure is made, and

2   shall provide a copy of any such Acknowledgement to any other Party if so ordered by the Court.

3       6.      HIGHLY CONFIDENTIAL Information may be disclosed to individuals who are

4   not Qualified Persons (or who, although they are Qualified Persons for CONFIDENTIAL

5   INFORMATION, are not Qualified Persons for HIGHLY CONFIDENTIAL Information) if, and

6   only if, counsel for the designating Party is notified prior to any such disclosure and consents in

7   writing to that disclosure.  CONFIDENTIAL INFORMATION may be disclosed to individuals

8   who are not Qualified Persons if, and only if, counsel for the designating Party is notified prior to

9   any such disclosure and consents in writing to that disclosure.  If such written consent is given,

10  each person to whom CONFIDENTIAL or HIGHLY CONFIDENTIAL Information is to be

11  disclosed must first sign an Acknowledgment in the form attached hereto as Exhibit "A."

12  Counsel disclosing the CONFIDENTIAL or HIGHLY CONFIDENTIAL Information shall

13  immediately forward copies of all Acknowledgments signed by any such individuals to all

14  counsel.    In the event that counsel for the Party that designated the information as

15  CONFIDENTIAL or HIGHLY CONFIDENTIAL does not consent in writing to the requested

16  disclosure, the Parties shall make a good faith effort to resolve the matter.  If the parties are

17  unable to resolve the matter, any Party may file a motion seeking permission from the Court to

18  make the requested disclosure.  If the Court then issues an Order granting permission to disclose,

19  the Party seeking the Order may then disclose the CONFIDENTIAL or HIGHLY

20  CONFIDENTIAL Information.

21      7.      Any person who receives CONFIDENTIAL or HIGHLY CONFIDENTIAL

22  Information pursuant to this Stipulated Protective Order shall use and maintain such information

23  in a manner that protects and preserves the confidentiality of such information.

24      8.      Parties  shall  designate  CONFIDENTIAL  or  HIGHLY  CONFIDENTIAL

25  Information as follows:

26      (a)     In the case of documents, interrogatory answers, responses to requests for

27  admissions,    and    the    information    contained    therein,    the    parties    shall    designate

28  (1) CONFIDENTIAL information by marking, as appropriate, each page of any such document as

4

la-850996 v2

"CONFIDENTIAL" and (2) HIGHLY CONFIDENTIAL information by marking, as appropriate, each page of any such document as "HIGHLY CONFIDENTIAL."   A Party furnishing documents or things to another Party shall have the option to require that all or selected portions of those documents or things be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL Information during inspection, and also to designate particular documents and things as containing CONFIDENTIAL or HIGHLY CONFIDENTIAL Information at the time copies are made or produced.

(b)     In the case of depositions, any counsel may designate all or part of any deposition transcript (including exhibits) which contains CONFIDENTIAL OR HIGHLY CONFIDENTIAL Information by making a statement so designating the material on the record during the course of the deposition.   Such oral designations shall be valid and binding for a period up to thirty (30) days after the court reporter notifies all counsel that a completed transcript is available, after which they shall expire unless made in writing pursuant to the further provisions of this paragraph.   In making such a designation, counsel shall attempt to identify and designate in good faith those portions of the transcript and exhibits which contain CONFIDENTIAL or HIGHLY CONFIDENTIAL Information, and those portions of the transcript and exhibits so identified shall be separately marked and bound by the court reporter and labeled as containing CONFIDENTIAL or HIGHLY CONFIDENTIAL Information.   In addition, within thirty (30) days after the court reporter notifies all counsel that a completed transcript is available, any counsel may designate all or part of any deposition transcript (and/or exhibits) as containing CONFIDENTIAL or HIGHLY CONFIDENTIAL Information by serving a notice designating such information on the other Party, prior to which time the entire transcript shall remain CONFIDENTIAL (but not HIGHLY CONFIDENTIAL unless expressly so-designated as set forth herein).   Such notice shall specify the particular portions of the transcript and any exhibits that counsel wishes to designate as containing CONFIDENTIAL or HIGHLY CONFIDENTIAL Information by listing on a separate sheet of paper the numbers of the pages of the transcript and the particular exhibits containing such information, so that the sheet may be affixed to the face of the transcript and each copy of the transcript.   If no counsel designates any portion of a transcript

5

1   as CONFIDENTIAL or HIGHLY CONFIDENTIAL on the record during the course of the

2   deposition, or within the thirty (30) day period after counsel receives notice that a completed

3   transcript is available, the transcript shall be deemed not to contain any such information.

4   Portions of a transcript (including exhibits) designated as CONFIDENTIAL or HIGHLY

5   CONFIDENTIAL Information may only be disclosed in accordance with the terms of this

6   Stipulated Protective Order.

7          (c)     In the event that counsel for a Party believes it is necessary during the course of a

8   deposition to show CONFIDENTIAL or HIGHLY CONFIDENTIAL Information to a deponent

9   who is otherwise not permitted access to such information under the terms of this Protective

10  Order, counsel may immediately seek consent to do so from counsel for the designating Party,

11  who shall not unreasonably withhold such consent.  If such consent is withheld, the requesting

12  counsel may apply to the Court for relief.  No such consent is required if the deponent previously

13  had access to such CONFIDENTIAL or HIGHLY CONFIDENTIAL Information in the course of

14  his or her employment or other responsibilities for the designating Party.

15         9.      Nothing contained in this Stipulated Protective Order constitutes an admission or

16  waiver of any claim or defense by any Party, or shall affect the right of any Party to make any

17  objection, claim any privilege, or otherwise contest any request for production of documents,

18  interrogatory, request for admission, or question at a deposition, or to seek further relief or

19  protective orders from the Court.

20         10.     In the event that any CONFIDENTIAL or HIGHLY CONFIDENTIAL

21  Information is used in any court proceeding in connection with this litigation, it shall not lose its

22  protected status under this Stipulated Protective Order through such use, and the Parties shall take

23  all steps reasonably required to protect its confidentiality during such proceedings.

24         11.     A Party shall not be obligated to challenge the propriety of a CONFIDENTIAL or

25  HIGHLY CONFIDENTIAL Information designation at the time such a designation is made, and

26  a failure to do so shall not preclude a subsequent challenge to the confidentiality of that

27  information.  In the event that any Party disagrees at any stage of these proceedings with the

28  propriety of any designation of CONFIDENTIAL or HIGHLY CONFIDENTIAL Information,

6

1   that Party shall provide to the designating Party written notice of its disagreement and shall

2   thereafter make a good faith effort to resolve the dispute.  If the dispute cannot be resolved, the

3   Party challenging the propriety of the designation may file a duly noticed motion requesting

4   appropriate relief from the Court.

5          12.    No Party shall file CONFIDENTIAL or HIGHLY CONFIDENTIAL Information

6   in the public record without the permission of the designating Party or an order of the Court

7   secured after appropriate notice to all interested persons.

8          13.    To the extent necessary to prevent the disclosure in the public record of

9   CONFIDENTIAL or HIGHLY CONFIDENTIAL Information, any pretrial motion, opposition,

10  reply, and any supporting document(s) may be filed in the public record with any

11  CONFIDENTIAL or HIGHLY CONFIDENTIAL Information redacted from such documents,

12  provided the Party proposing to submit the CONFIDENTIAL or HIGHLY CONFIDENTIAL

13  Information to the Court simultaneously makes an application under Local Rule 39-141 to file the

14  unredacted documents and CONFIDENTIAL or HIGHLY CONFIDENTIAL Information under

15  seal and serves a copy of such unredacted documents and CONFIDENTIAL or HIGHLY

16  CONFIDENTIAL Information on the other Parties.

17         14.    The designating Party hereby authorizes any other Party who intends to file under

18  seal any CONFIDENTIAL or HIGHLY CONFIDENTIAL Information of the designating Party,

19  to make an application for an order under Local Rule 39-141 to file such CONFIDENTIAL or

20  HIGHLY CONFIDENTIAL Information of the designating Party under seal and agrees that any

21  such request by the Party who intends to file such information under seal, is made without

22  prejudice to the right of the requesting Party to later challenge the designation of

23  CONFIDENTIAL or HIGHLY CONFIDENTIAL.

24         15.    Documents produced by any Party prior to the date this Stipulated Protective

25  Order is entered by the Court (and the information contained in those documents) shall be treated

26  by the Parties as CONFIDENTIAL or HIGHLY CONFIDENTIAL Information, as designated,

27  under this Stipulated Protective Order.

28

7

la-850996 v2

16.    Within sixty (60) days after the termination of litigation between the Parties, each Party shall, upon the request of a designating Party, either (1) return CONFIDENTIAL or HIGHLY CONFIDENTIAL Information to the party that produced it, or (2) destroy the CONFIDENTIAL or HIGHLY CONFIDENTIAL Information and provide to the Party that produced it a statement under penalty of perjury certifying that that information has been destroyed.  However, notwithstanding the foregoing, outside counsel for each Party may retain one complete and unredacted set of pleadings and papers filed with the Court or served on the other Parties (including documents produced by any Party) solely for reference in the event of, and only in the event of (i) further proceedings or litigation between the Parties, or (ii) a dispute over the use or dissemination of CONFIDENTIAL or HIGHLY CONFIDENTIAL Information subject to the terms of this Stipulated Protective Order.  The copy of pleadings and papers retained by outside counsel shall be maintained in a file accessible only by outside counsel bound by this Stipulated Protective Order.

17.    This Order shall survive the final termination of this litigation with respect to any such retained CONFIDENTIAL and HIGHLY CONFIDENTIAL Information.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

8

la-850996 v2

1    Dated:     April 28, 2006                    MCCORMICK BARSTOW SHEPPARD
                                                  WAYTE & CARRUTH LLP
2                                                 D. GREG DURBIN

3

4

5                                                 By:   /s/ D. Greg Durbin
                                                            D. Greg Durbin
6
                                                  Attorneys for Plaintiff
7                                                 E. & J. GALLO WINERY

8
     Dated:     April 28, 2006                    MORRISON & FOERSTER LLP
9                                                 KATHYLEEN A. O'BRIEN

10

11                                                By:   /s/ Kathyleen A. O'Brien
                                                            Kathyleen A. O'Brien
12
                                                  Attorneys for Plaintiff
13                                                E. & J. GALLO WINERY

14
     Dated:     April 19, 2006                    WHITE & CASE LLP
15                                                JONATHAN E. MOSKIN

16

17
                                                  By:   /s/ Jonathan E. Moskin
18                                                          Jonathan E. Moskin

19                                                Attorneys for Defendant
                                                  CANTINE RALLO, S.p.A.
20

21
     IT IS SO ORDERED.
22
     Dated:  May 1, 2006                          _____/S/ DENNIS L. BECK
23
                                                  _____
24                                                UNITED STATES MAGISTRATE JUDGE
                                                  EASTERN DISTRICT OF CALIFORNIA
25

26

27

28

                                         9

**EXHIBIT "A"**

AGREEMENT TO BE BOUND BY CONFIDENTIALITY AGREEMENT AND
STIPULATED PROTECTIVE ORDER

I, the undersigned, hereby declare that:

1.     I have read the attached Confidentiality Agreement and Stipulated Protective Order [Proposed] (the "Agreement") in the action entitled *E. & J. Gallo Winery v. Cantine Rallo, S.p.A.*, Case Number CIV-F-04-5153 OWW DLB, presently pending in the United States District Court, Eastern District of California

2.     I understand the terms of the Agreement, and I agree to be bound by such terms.

3.     I specifically understand that the Agreement requires me to keep confidential such Confidential or Highly Confidential Information (as defined in the Agreement) as is disclosed to me in the course of my involvement in this litigation, and not to disclose any such Confidential or Highly Confidential Information to any person not authorized by the Agreement to receive such information.

4.     I agree that I shall return or destroy all documents containing or restating Confidential or Highly Confidential Information which have been provided to me or created by me, upon demand by the Court or the attorney or Party who furnished the Confidential or Highly Information to me.

5.     I submit to the jurisdiction of the United States District Court for the Eastern District of California, for the limited purpose of any proceeding to enforce the terms of the Confidentiality Agreement and Stipulated Protective Order.  I understand that I may be subject to contempt proceedings for violation of the Order if I do not comply with the Order's terms.

6.     My address is _____
_____.

7.     My relationship to this case and the Parties thereto is: _____
_____
_____.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____, 2006, at _____.

963031.v1

**CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER**