# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. & J. GALLO WINERY, | ) 1:04cv5153 OWW DLB |
| | ) |
| | ) ORDER GRANTING IN PART |
| | ) PLAINTIFF'S MOTION FOR LEAVE |
| Plaintiff, | ) TO SERVE ADDITIONAL |
| | ) INTERROGATORIES |
| v. | ) |
| | ) (Document 66) |
| CANTINE RALLO, S. p. A., | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

On May 5, 2006, Plaintiff E. & J. Gallo Winery ("Plaintiff") filed the instant motion for leave to file additional interrogatories. On May 26, 2006, the matter was heard before the Honorable Dennis L. Beck, United States Magistrate Judge. Kathyleen A. O'Brien and D. Greg Durbin appeared on behalf of Plaintiff. Jonathan Moskin appeared on behalf of Defendant Cantine Rallo, S.p.A. ("Defendant").

## **BACKGROUND**

Plaintiff filed its complaint on January 22, 2004, alleging federal trademark infringement, state trademark infringement, state trademark dilution, state unfair competition and unjust enrichment. After the Court granted Defendant's motion to vacate default judgment, Defendant filed its answer on December 5, 2005.

Plaintiff served its first set of interrogatories along with a request for production of documents in March 2006.[1] The first set contained 25 interrogatories, most containing numerous subparts. On May 15, 2006, Defendant provided its responses to the document request and produced almost 1,000 pages of documents. Defendant also explained that additional documents were expected from Italy. Responses to the first set of interrogatories are due on June 6, 2006.

Plaintiff filed the instant motion on May 5, 2006, and seeks permission to serve an additional set of interrogatories on Defendant. The proposed second set contains 23 interrogatories, most of which contain numerous subparts.

## FACTUAL BACKGROUND

Cantine Rallo, S.p.A., is based in Marsala, Italy, and has been producing Marsala wine bearing the name RALLO since 1860. The wine has been sold in the United States since at least as early as 1955. Defendant first registered its trademark and trade name RALLO for Marsala Wine in 1955. The registration was maintained until 2002, when it was allowed to lapse.

Defendant filed a new intent to use application in 2001. The application was approved, but then opposed by Plaintiff in 2003. During the proceeding before Trademark Trial and Appeal Board ("TTAB"), Plaintiff filed the instant action in this Court. The TTAB action has been stayed pending the outcome of this suit.

## DISCUSSION

Federal Rule of Civil Procedure 33(a) provides that a party must obtain leave of court to serve interrogatories in excess of the 25 permitted. Leave shall be granted "to the extent consistent with the principles of Rule 26(b)(2)," which states:

> The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (I) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

---

[1] Plaintiff has also served subpoenas on two US distributors, each seeking 40 categories of documents.

1    The party requesting leave to serve additional interrogatories must make a "particularized
2 showing" why the additional discovery is necessary.  Archer Daniels Midland Co. v. Aon Risk
3 Services, Inc. of Minn., 187 F.R.D. 578, 586 (D. Minn. 1999); see also ND CA Rule 33-3
4 (requiring a request to propound additional interrogatories to explain in detail why it is necessary
5 to propound each additional question); In re At Home Corp., 2005 WL 289976, *3 (N.D.Cal.
6 2005) (a party seeking over-limit depositions must make a "particularized showing of why the
7 discovery is necessary").

8    During the hearing, it became clear that Defendant's main objection to the proposed
9 second set of interrogatories, taking into consideration the outstanding first set of interrogatories
10 and the recently answered request for production of documents, was that the cumulative effect of
11 the discovery was overly burdensome.  After reviewing both sets of interrogatories, it appears
12 that the first set asks broad, general questions while the second set poses more specific, detail-
13 oriented questions, and in fact, answers to the first set may provide answers to interrogatories in
14 the second set.  Plaintiff, however, indicated that at the very least, it needed names of witnesses
15 so it could move forward with discovery.  After further discussion, Defendant agreed to answer
16 certain questions in the second set of interrogatories dealing with the identification of witnesses,
17 and Plaintiff agreed to defer serving the remaining questions in the second set until receiving
18 Defendant's responses to the first set and evaluating whether the remaining questions are
19 necessary.

20    Accordingly, Plaintiff's motion for leave to serve additional interrogatories is GRANTED
21 IN PART.  Plaintiff is granted leave to serve the following interrogatories: 29, 32, 42, 43, 45 and
22 46.  Defendant shall respond in a timely manner.  Upon receipt of Defendant's responses,
23 Plaintiff shall evaluate the need for the remaining interrogatories.  If the parties cannot reach an
24 agreement, they may contact the Court.

25    IT IS SO ORDERED.

26   Dated:   May 30, 2006                    /s/ Dennis L. Beck
     3b142a                                   UNITED STATES MAGISTRATE JUDGE
27
28

3