UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| E. & J. GALLO WINERY, | ) | 1:04cv5153 OWW DLB |
| | ) | |
| | ) | ORDER GRANTING |
| Plaintiff, | ) | |
| | ) | (Document 68) |
| v. | ) | |
| | ) | |
| CANTINE RALLO, S. p. A., | ) | |
| | ) | |
| Defendant. | ) | |

On May 12, 2006, Plaintiff E. & J. Gallo Winery ("Plaintiff") filed the instant motion to compel supplemental responses to its first request for production of documents. On June 9, 2006, the matter was heard before the Honorable Dennis L. Beck, United States Magistrate Judge. D. Greg Durbin and Kathyleen A. O'Brien appeared on behalf of Plaintiff. Ellen McGinty King appeared on behalf of Defendant Cantine Rallo, S.p.A. ("Defendant").

## **BACKGROUND**

Plaintiff filed its complaint on January 22, 2004, alleging federal trademark infringement, state trademark infringement, state trademark dilution, state unfair competition and unjust enrichment. After the Court granted Defendant's motion to vacate default judgment, Defendant filed its answer on December 5, 2005.

Plaintiff served its first set of document requests, which included 80 requests, on March 26, 2006. Defendant responded on April 24, 2006, and produced about 1,000 pages of documents in May 2006.

Plaintiff filed the instant motion on May 12, 2006, and seeks to compel Defendant to provide a supplemental response and produce documents. The purpose of the supplemental response is to ensure that Defendant cannot withhold documents located in the future without informing Plaintiff. The parties filed a joint statement pursuant to Local Rule 37-251 on June 6, 2006.

## FACTUAL BACKGROUND

Cantine Rallo, S.p.A., is based in Marsala, Italy, and has been producing Marsala wine bearing the name RALLO since 1860. The wine has been sold in the United States since at least as early as 1955. Defendant first registered its trademark and trade name RALLO for Marsala Wine in 1955. The registration was maintained until 2002, when it was allowed to lapse.

Defendant filed a new intent to use application in 2001. The application was approved, but then opposed by Plaintiff in 2003. During the proceeding before Trademark Trial and Appeal Board ("TTAB"), Plaintiff filed the instant action in this Court. The TTAB action has been stayed pending the outcome of this suit.

## DISCUSSION

A.    Legal Standard

Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter."

Rule 34(a) allows parties to request documents and things within the scope of 26(b) and within the possession, custody or control of the party upon whom the request is served. The response shall,

1
2
3
4
> "state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated. If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts. The party submitting the request may move for an order under Rule 37(a) with respect to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested."

5 Fed. R. Civ. Proc. 34(b).

6 While Plaintiff only moves to compel a two-sentence supplemental response from
7 Defendant, anything less than sufficient responses to each request will not satisfy the
8 requirements of Rule 34(b).

9 In its responses, Defendant lists 13 general objections (i.e., "overly broad and
10 burdensome," relevance) and references them by number in response to each specific request.
11 Defendant does not state the facts upon which its burden or relevance objections are based, nor
12 explain what documents they are withholding on that basis. Further, a majority of the responses
13 either (1) refer to the general objections without stating that any responsive documents will be
14 produced; or (2) refer to the general objections and state that it will produce only a subset of
15 responsive documents, such as "representative samples or specimens" or "representative or
16 summary documents.

17 Defendant's responses do not allow for meaningful evaluation. Plaintiff and the Court
18 are unable to determine, with certainty, the requests for which Defendant is producing
19 documents, the requests for which Defendant is withholding documents and on what basis, and
20 the requests for which it has no responsive documents. Defendant cites boilerplate general
21 objections, and does not explain why the objection applies to the response or whether documents
22 were withheld pursuant to the stated objections.

23 Accordingly, within thirty (30) days of the date of service of this order, Defendant must
24 provide supplemental responses to each request in Plaintiff's first set of request for documents.
25 Pursuant to Rule 34(b), the response must "state, with respect to each item or category, that
26 inspection and related activities will be permitted as requested, unless the request is objected to,
27 in which event the reasons for the objection shall be stated." See also Cable & Computer
28 Technology, Inc. v. Lockheed Saunders, Inc., 175 F.R.D. 646, 650 (C.D.Cal. 1997) ("[T]he party

1  who resists discovery has the burden to show that discovery should not be allowed, and has the
2  burden of clarifying explaining and supporting its objections."). Responsive documents must be
3  produced within this time frame, as well. Defendant may request additional time, if necessary.
4   IT IS SO ORDERED.
5   **Dated: June 13, 2006**     **/s/ Dennis L. Beck**
 3b142a          UNITED STATES MAGISTRATE JUDGE