# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. & J. GALLO WINERY, | 1:04cv5153 OWW DLB |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES |
| v. | (Document 85) |
| CANTINE RALLO, S. p. A., | |
| Defendant. | |

On June 23, 2006, Plaintiff E. & J. Gallo Winery ("Plaintiff") filed the instant motion to compel further responses to its first set of interrogatories. On July 14, 2006, the matter was heard before the Honorable Dennis L. Beck, United States Magistrate Judge. Kathyleen A. O'Brien appeared on behalf of Plaintiff. Jonathan Moskin and D. Greg Durbin appeared on behalf of Defendant Cantine Rallo, S.p.A. ("Defendant").

## **BACKGROUND**

Plaintiff served its First Set of Interrogatories on May 5, 2006. Defendant responded on June 9, 2006. In its responses, Defendant sets forth 15 General Objections, including an objection based on Rule 33(a) that the interrogatories are in excess of 25 separate requests. In response to each interrogatory, Defendant refers to the applicable General Objections and in a majority of responses, also indicates that it "has produced and/or will produce" responsive

1 documents.  In response to three of the contested interrogatories, Defendant further states that it
2 will supplement its response at the close of discovery.
3      Plaintiff filed the instant motion on June 23, 2006, seeking to compel responses to 22 of
4 the 25 interrogatories.  The parties filed their joint statement on July 11, 2006.

## **DISCUSSION**

6      Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery
7 regarding any matter, not privileged, that is relevant to the claim or defense of any party,
8 including the existence, description, nature, custody, condition, and location of any books,
9 documents, or other tangible things and the identity and location of persons having knowledge of
10 any discoverable matter."

11      Plaintiff raises numerous objections to Defendant's responses.  The Court need not
12 address each argument separately, however, as it is clear that Defendant's responses are simply
13 inadequate.  Defendant's reference to general objections and unspecified documents falls short of
14 an adequate answer and, as with prior discovery responses, does not provide for meaningful
15 evaluation.

16      Plaintiff's interrogatories are directly related to the relevant issues and are likely the best
17 way to obtain the requested information.  While the requested information may be difficult to
18 obtain given Defendant's status as a foreign entity, the expansive time period involved, and the
19 detailed information requested, it does not relieve Defendant of its duty to provide responses to
20 otherwise proper interrogatories.  Defendant indicated at the hearing that it did not have
21 information responsive to a number of the requests.  Again, however, this does not absolve
22 Defendant of its duty to provide a response to that effect.

23      Accordingly, Plaintiff's motion is GRANTED.  Defendant shall provide supplemental
24 responses to Interrogatories Nos. 1-16, 18-20, 22, 24 and 25, within twenty (20) days of the date
25 of service of this order.

26      IT IS SO ORDERED.

27      **Dated:  July 17, 2006**      **/s/ Dennis L. Beck**
3b142a                                               UNITED STATES MAGISTRATE JUDGE
28