UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. & J. GALLO WINERY,<br><br>        Plaintiff,<br><br>    v.<br><br>CANTINE RALLO, S. p. A.,<br><br>        Defendant. | 1:04cv5153 OWW DLB<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL FURTHER COMPLIANCE WITH THE COURT'S JUNE 13, 2006 ORDER, TO COMPEL IDENTIFICATION OF DOCUMENTS PRODUCED AND TO COMPEL FURTHER RESPONSES TO SECOND SET OF INTERROGATORIES<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR SANCTIONS<br><br>(Document 92) |

On July 21, 2006, Plaintiff E. & J. Gallo Winery ("Plaintiff") filed the instant motion to compel further compliance with the Court's June 13, 2006 Order, to compel the identification of documents produced in response to Plaintiff's first set of document requests, to compel further responses to Plaintiff's second set of interrogatories and to request sanctions.  On August 18, 2006, the matter was heard before the Honorable Dennis L. Beck, United States Magistrate Judge.  Kathyleen A. O'Brien appeared on behalf of Plaintiff.  Jonathan Moskin and D. Greg Durbin appeared on behalf of Defendant Cantine Rallo, S.p.A. ("Defendant").

**BACKGROUND**

Plaintiff filed a complaint on January 22, 2004, alleging federal trademark infringement, state trademark infringement, state trademark dilution, state unfair competition and unjust

1

1  enrichment.  After the Court granted Defendant's motion to vacate default judgment, Defendant
2  filed its answer on December 5, 2005.
3        On June 13, 2006, this Court entered an order requiring Defendant to: (1) serve
4  supplemental responses to Plaintiff's First Set of Requests for Production that clearly and
5  unambiguously state that it has no responsive documents in response to each request for which
6  that was the case; (2) identify documents it had withheld from production and produce a privilege
7  log which fully complied with the requirements of Rule 26(e)(5) of the Federal Rules of Civil
8  Procedure; and (3) produce any additional responsive documents by July 17, 2006.  Plaintiff
9  argues Defendant has failed to comply with these portions of the Court's Order.
10       Plaintiff also argues that Defendant has failed to identify which of the documents
11 produced respond to each document request, in violation of Rule 34.
12       Further, on July 1, 2006, Defendants served responses to Plaintiff's second set of
13 interrogatories.  Plaintiff argues Defendant's responses to Interrogatory Numbers 29, 32, 42, 43,
14 45 and 46 are deficient.
15       Plaintiff filed the instant motion on July 21, 2006, and seeks to compel Defendant to
16 provide further supplemental responses to the discovery.  Plaintiff also requests monetary and
17 preclusionary sanctions.  The parties filed a joint statement pursuant to Local Rule 37-251 on
18 August 9, 2006.

## DISCUSSION

20       Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery
21 regarding any matter, not privileged, that is relevant to the claim or defense of any party,
22 including the existence, description, nature, custody, condition, and location of any books,
23 documents, or other tangible things and the identity and location of persons having knowledge of
24 any discoverable matter."
25       Rule 34(a) allows parties to request documents and things within the scope of 26(b) and
26 within the possession, custody or control of the party upon whom the request is served.  The
27 response shall,
28

> state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated. If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts. The party submitting the request may move for an order under Rule 37(a) with respect to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested.

Fed. R. Civ. Proc. 34(b).

A.   <u>Plaintiff's Motion to Compel Compliance With the Court's June 13, 2006 Order - Requests.</u>

Plaintiff contends that Defendant served supplemental responses to the document requests on July 19, 2006 but the responses are still inadequate. Plaintiff notes that the Court has already ordered Defendant to supplement its responses because the initial responses did not "allow for meaningful evaluation." The Court specifically told Defendant at the hearing that its responses "should state with respect to those requests where you have found no documents that you've found no documents." Defendant was required to supplement its responses to state, with respect to each request, whether: (1) it had produced all responsive documents; (2) it had withheld documents and on what basis; or (3) it had no responsive documents. Plaintiff argues that Defendant has violated the Order by again refusing to state whether or not it has produced documents responsive to each particular request.

Defendant's supplemental responses once again do not allow for meaningful evaluation. Plaintiff still cannot determine, with certainty, the requests for which Defendant is producing documents, the requests for which Defendant is withholding documents and on what basis, and the requests for which it has no responsive documents. Defendant represents that on August 4, the parties agreed that Defendant could simply supplement the answers in a letter; however this does not provide plaintiff with verified responses upon which it can rely at trial. Accordingly defendants are once again ordered to clarify with respect to Request Numbers 1-8, 10-18, 20,21, 23-25, 28-31, 33-34, 36-51, 53-62, 64, 67-70 and 77-80, specifically whether: (1) all responsive documents have been produced; (2) documents have been withheld and on what basis; or (3) no responsive documents exist.

B.   <u>Plaintiff's Motion to Compel Identification of the Documents Produced in Response to Plaintiff's First Set of Document Requests</u>

Plaintiff argues that Defendant has produced unidentified documents in no particular order, leaving Plaintiff to guess the specific responses to which they respond. Plaintiff requests that Defendant identify, by Bates number, which documents it has produced in response to each request as required by Rule 34. Plaintiff argues that Defendant's "labeling" merely identifies the particular distributor to whom they relate.

Despite Defendant's representation that it has produced 1026 pages of documents, each grouping of which has been neatly labeled to designate the category of documents at issue, it is reasonable for Plaintiff to request a supplemental response which enables them to determine which documents are responsive to each request. *See* Fed.R.Civ.Proc. 37(a)(2). Accordingly, Defendant will be ordered to supplement the response and to identify, by Bates number, which documents are responsive to each specific request by Plaintiff.

C.   <u>Plaintiff's Motion to Compel Further Responses to Second Set of Interrogatories.</u>

1.   <u>Interrogatory No. 29</u>

**Interrogatory No. 29**: For each supplier of any Rallo product which used the RALLO trademark identified in your response to Interrogatory No. 8, identify all persons associated with that supplier who have ever had any duties and/or responsibilities with respect to that product in the United States, each such person's position and duties and responsibilities with respect to that product in the Untied States and the inclusive time period when they performed such duties and had such responsibilities.
The term "Suppliers" is defined in Gallo's First Set of Interrogatories as as "any Persons, including, but not limited to, Cantine Rallo, who produced and supplied any Rallo Product for the Untied States market."

**Response to Interrogatory No. 29:** See General Objections 1, 3, 8, 9, 10, 13. Without prejudice to or waiver of the foregoing objections, to the extent Cantine Rallo is aware, there have been no such Suppliers to it.

Plaintiff argues that Interrogatory No. 29 simply asks Defendant to identify for each entity that has produced and Supplied to the United States market any Rallo product using any RALLO trademark identified in response to Interrogatory No. 8, all persons associated with that entity who have had any duties and/or responsibilities with respect to that product in the United States,

4

each such person's position and duties and responsibilities.  Plaintiff argues that Rallo's response that there have been no suppliers to Rallo does not respond to the question posed.

Defendant has agreed to supplement this response but states that all businesses in Italy are on "summer hours" which essentially means businesses are closed during the month of August. Based on Defendant's agreement to supplement this response, Defendant is ordered to provide further response to Interrogatory No. 29 on or before September 22, 2006.

2. Interrogatory Nos. 32, 42, 43 and 45.

These interrogatories ask Defendant to identify the third parties and persons specified. Plaintiff contends Defendant's response provided only the names of certain individuals and did not include other identifying information as requested.  Plaintiff states that the term "Identify" as used in the interrogatories, when applied to a person, was defined to require Defendant to state the full name of the person, his company affiliation, job title, address, telefax number and telephone number and to fully describe his role in any matters which are the subject of the response.  As applied to an entity, the term required Defendant to state its full name, address, telefax number, its relationship, if any, to Cantine Rallo (eg., manufacturer, customer, supplier, consultant etc.) and the name and job title of Cantine Rallo's contact person, if any, at that entity.

Defendant has agreed to supplement its response.  Based on Defendant's agreement to supplement, Defendant is ordered to provide further response to Interrogatory Nos. 32, 42, 43 and 45 on or before September 22, 2006.

3. Interrogatory No. 46

Interrogatory No. 46: State whether you have licensed the use of any Rallo trademark to any person in the United States and, if anything other than an unqualified "no," identify each such person and the licensed goods or services.

Response to Interrogatory No. 46: See General Objections 1, 3, 9, 10, 13, 14. Cantine Rallo further objects that this interrogatory calls for a legal conclusion. Without prejudice to or waiver of the foregoing objections, as Cantine Rallo understands this request, it is not aware of any such licenses.

Plaintiff argues this interrogatory is straightforward and simply asks whether Rallo has licensed any Rallo trademark.  Plaintiff insists it is entitled to an unqualified and unequivocal response to the question, without the qualification, "as Cantine Rallo understands this request,"

1   Defendant objects to this interrogatory as the term "license" is a legal term by which (in
2   the trademark context) most attorneys mean an authorization to a third party to produce a
3   product. Defendant contends Cantine Rallo produced all the Rallo wine sold in this country.
4   Defendant's do believe however, there is language in an agreement with Distillerie Stock (which
5   Plaintiff has) which speaks in terms of a license to sell in this country. However, Defendant does
6   not believe this is a license in the strict sense intended by the interrogatory. Consequently,
7   Defendant is unable to abandon its objection to this "inherently ambiguous Interrogatory 46."

8   Defendant is ordered to provide further response to Interrogatory No. 46 on or before
9   September 22, 2006, in which Defendant clarifies the response.

10  D.   Plaintiff's Request for Sanctions

11  Plaintiff argues that Defendant's conduct throughout discovery in this case, including
12  with respect to the discovery at issue in this motion, has violated both the letter and spirit of the
13  Federal Rules of Civil Procedure. Plaintiff has successfully moved to compel twice with respect
14  to its first set of document requests and to its first set of interrogatories. Plaintiff requests
15  monetary sanctions pursuant to Rule 37(a)(4) and (b)(2) against both Rallo and its counsel and
16  that Defendant be precluded from introducing into evidence in this lawsuit any documents or
17  evidence responsive to any of Plaintiff's discovery requests which it has not produced to date.

18  Defendant argues that Plaintiff continues to file unnecessary discovery motions to
19  maintain maximum financial pressure on its much smaller adversary. Defendant points out that
20  Plaintiff served the instant motion prior to a meet and confer. As discussed above, Defendant
21  contends the matters which are the subject of this motion were resolved by meet and confer
22  conferences which occurred after this motion was served.

23  Rule 37 provides for the award expenses, including attorney's fees, to the prevailing party
24  in a motion to compel compliance with discovery unless the responding party provides
25  substantial justification for the non-compliance. *See* Fed.R.Civ.P. 37(a)(4)(A). Sanctions may
26  also be awarded against a person or party for failure to obey a prior court order compelling
27  discovery. Fed.R.Civ.P. 37(b)(2). In such cases the Court may make "such orders in regard to
28  the failure as are just." *Id.*

1  While it is clear that the parties, on several occasions have been unable to resolve
2  discovery disputes and that Court involvement has been necessary, the present motion appears to
3  have been necessitated largely due to the practical difficulties of representing a client located in
4  another country.  The meet and confer process appears to have been successful in resolving most
5  of the issues presented in this motion and therefore the Court does not believe sanctions are
6  warranted.  Plaintiff's motion for sanctions is therefore denied.  Defendant is cautioned however,
7  that in no event will it be able to introduce at trial, without a showing of cause, evidence
8  responsive to any of Plaintiff's discovery requests which is not produced in discovery.

## **CONCLUSION**

Accordingly, Plaintiff's motion is GRANTED in part.  Defendant shall provide supplemental responses to the discovery in accordance with this Order, on or before September 22, 2006.

IT IS SO ORDERED.

Dated:   **September 7, 2006**                    **/s/ Dennis L. Beck**
3b142a                                             UNITED STATES MAGISTRATE JUDGE