UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. & J. GALLO WINERY,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CANTINE RALLO, S. p. A.,<br><br>　　　　　　　Defendant. | 1:04cv5153 OWW DLB<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL<br><br>(Document 94) |

On July 28, 2006, Defendant Cantine Rallo, S.p.A. ("Defendant") filed the instant motion to compel production of documents and responses to interrogatories. On August 18, 2006, the matter was heard before the Honorable Dennis L. Beck, United States Magistrate Judge. D. Greg Durbin, Kathyleen A. O'Brien and Andrea Hasegawa appeared on behalf of Plaintiff E.&J. Gallo Winery ("Plaintiff"). Jonathan Moskin appeared on behalf of Defendant.

Defendant brings this motion to compel responses to its First, Second and Third set of Requests for Production of Documents and its First and Second Set of Interrogatories.

**DISCUSSION**

A.　Local Rule 37-251

The parties are well aware of the existence of Local Rule 37-251(c), which requires the submission of a joint statement regarding the discovery disagreement and in fact the parties have

1

submitted several other joint statements which generally comply with the Rule.  Among other things, Rule 37-251(c) requires the parties to set forth their contentions as to each issue,

> including a memorandum of each party's respective arguments concerning the issues in dispute and the legal authorities in support thereof.  Each specific interrogatory, deposition question or other item objected to, or concerning which a protective order is sought, and the objection thereto, shall be reproduced in full.  The respective arguments and supporting authorities of the parties shall be set forth immediately following each such objection.  When an objection is raised to a number of items or a general protective order is sough that is related to a number of specific items, the arguments and briefing need not be repeated.

The joint statement submitted in support of Defendant's motion fails to follow the format specified in Rule 37-251.  Rather it is an unfocused discussion of the parties general contentions[1] which leaves the court to comb through the discovery requests and responses in an attempt to discern which arguments apply to which requests and responses, which disputes have been the subject of a meet and confer between the parties, and which responses Plaintiff has agreed to supplement.  The joint statement is difficult to follow and imposes a great burden on the Court to extract the remaining issues once Plaintiff's agreements to supplement have been considered.  Therefore, other than the discovery requests specifically discussed below, the Court will defer ruling on Defendant's motion until (1) Plaintiff has supplemented its responses; and (2) the parties submit a joint statement that complies with the formal requirements of Rule 37-251.  The Court is willing to extend the discovery deadlines if necessary, but the parties must do the work required of them and provide the Court with a product that is capable of proper and efficient analysis.

In the future motions with deficient joint statements the Court will be removed form the calendar until such time as a compliant joint statement is submitted**.**

B.      Legal Standard

Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books,

---

[1] The attorneys seem to spend the more lines of the statement disparaging each other and each other's client's products rather than dealing with the merits of their discovery dispute.

2

documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter."

*Searching Offices Other than the Modesto Headquarters*

Paragraph E of Plaintiff's general objections stated in response to each set of discovery requests states that Plaintiff refuses to undertake a search of records at any of its offices other than its Modesto headquarters. The objection further states that documents responsive to the requests would likely be located at the Modesto headquarters and a search of non-headquarter offices would be oppressive.

Plaintiff argues that it is extremely unlikely that any office other than its Modesto headquarters would have additional, non-duplicative documents. Regarding discovery requests relating to Plaintiff's knowledge of sales of Defendant's products bearing the RALLO mark, the Court finds it reasonable to require Plaintiff to search the regional offices of markets in the United States where the Defendant alleges its products were distributed for retail sale in quantity. Plaintiff's knowledge of sales or consumer confusion outside of the United States is neither relevant nor discoverable.

*Request for Production Nos. 7-10, 43-46, Interrogatories Nos. 2, 3, 16-17*

In part, these discovery requests seek information relating to Plaintiff's products that use the mark "Gallo" prominently, without the marks "E&J Gallo" or "Ernest & Julio Gallo." The Court acknowledges that the wording of the requests is somewhat confusing, but Plaintiff's main objections are directed at the form of the requests, rather than the substance. Accordingly, the Court finds that Defendant is entitled to exemplars of labels used during the relevant time period that both (1) use the mark "Gallo" prominently; and (2) do not also use the marks "E&J Gallo" or "Ernest & Julio Gallo."

Similarly, Defendant is also entitled to an explanation of the sales (Bates GW0027) and advertising data (Bates GW 0028) produced so as to allow for meaningful evaluation.

Finally, as an aside, the parties should refrain from disparaging each other and the quality of each other's products, i.e., describing wines as "cheap jug wines" or "cooking wines." The

1  Court understands the parties' theories in this action, and such remarks serve only to detract the
2  Court from the legal and factual disputes at issue.

3  **<u>ORDER</u>**

4      For the above reasons, Defendant's motion to compel is GRANTED IN PART AND
5  DENIED IN PART.  Plaintiff shall produce supplemental responses consistent with this order
6  within twenty (20) days of service of this order.
7      IT IS SO ORDERED.
8      **Dated:   September 7, 2006**        **/s/ Dennis L. Beck**
   3b142a                                     UNITED STATES MAGISTRATE JUDGE