UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. & J. GALLO WINERY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CANTINE RALLO, S. p. A.,<br><br>　　　　　　Defendant. | 1:04cv5153 OWW DLB<br><br>ORDER GRANTING IN PART AND<br>DENYING IN PART DEFENDANT'S<br>MOTION TO COMPEL<br><br>(Document 113) |

On September 1, 2006, Defendant Cantine Rallo, S.p.A. ("Rallo") filed the instant motion to compel compliance with a deposition notice served on April 24, 2006. On September 22, 2006, the matter was heard before the Honorable Dennis L. Beck, United States Magistrate Judge. D. Greg Durbin and Kathyleen A. O'Brien appeared on behalf of Plaintiff E.&J. Gallo Winery ("Gallo"). Jonathan Moskin appeared on behalf of Gallo.

**BACKGROUND**

Rallo served the subject deposition notice under Rule 30(b)(6) on April 24, 2006. The date picked for the deposition was May 22, 2006. The Notice included a schedule of 21 topics for which Rallo requested that Gallo Plaintiff designate the person most knowledgeable. On May 22, 2006, Gallo served extensive written objections to the deposition notice. Rallo contends it is

unable to determine from the objections which topics specified Gallo will produce witnesses. Based on Gallo's objections to the deposition notice, the following topics are in dispute:

    3.     E&J Gallo's ten top selling products in 1950, including the level of sales of each.

    4.     E&J Gallo's ten top selling products in 1960, including the level of sales of each.

    5.     E&J Gallo's ten top selling products in 1970, including the level of sales of each.

    8.     The circumstances under which Gallo became aware of the sale or offering for sale in the United States of products bearing the mark of RALLO; including all steps taken by E&J Gallo in response to its awareness of such use of the mark RALLO.

    9.     The circumstances under which Gallo became aware of the sale or offering for sale outside the United States of products bearing the mark of RALLO; including all steps taken by E&J Gallo in response to its awareness of such use of the mark RALLO.

    10.     Any instances in which a consumer in the United States has expressed any confusion or mistake or has been deceived as to the source of origin of any Cantine Rallo product or as to the relationship between Cantine Rallo and/or its products and E&J Gallo and/or its products.

    11.     Any instances in which a consumer outside the United States has expressed any confusion or mistake or has been deceived as to the source of origin of any Cantine Rallo product or as to the relationship between Cantine Rallo and/or its products and E&J Gallo and/or its products.

    13.     For each of the five decades from 1950 to 2000 and from 2000 to 2005, of E&J Gallo's knowledge of Cantine Rallo's use of its trademark Rallo in the United States or commerce with the United States.

    14.     For each of the five decades from 1950 to 2000 and from 2000 to 2005, of E&J Gallo's knowledge of Cantine Rallo's use of its trademark Rallo anywhere outside of the United States.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter."

Where the deposition of a corporation or entity is sought, the notice of deposition or subpoena is directed to the entity and must "describe with reasonable particularity the matter on which examination is requested." Fed.R.Civ.Proc. 30(b)(6). If the notice of deposition or subpoena served on the entity sufficiently describes the matters on which questions will be asked, the entity is under a duty to designate and produce "one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf." Fed.R.Civ.Proc 30(b)(6).

Gallo objects to topic numbers 3 through 5 which seek a deponent to testify about Gallo's products dating back to the 1950's, as "overbroad and unduly burdensome and as seeking discovery that is neither relevant to the claims and defenses nor reasonably calculated to lead to the discovery of admissible evidence." Gallo's objections are overruled. Information relating to Gallo's products during this time period and whether they co-existed with Rallo's products with no resulting confusion, is relevant to the claims and defenses in this case. Further, the burden of identifying the person most knowledgeable on this subject does not appear to be overly burdensome. Accordingly, subject to Gallo making a showing that the identification of deponents in these categories is overly burdensome, Rallo's motion relating to topics 3, 4, and 5 is granted.

With regard to topic number 8, at the hearing, counsel for Rallo clarified that Rallo seeks to depose the person at Gallo most knowledgeable regarding Gallo's unfruitful search for products for sale in the United States bearing the mark of "RALLO". Rallo shall therefore serve a supplemental deposition notice clarifying this topic and Gallo will thereafter designate the person most knowledgeable on this clarified topic.

Rallo's motion with regard to topic numbers 9, 11 and 14 is denied. Information relating to Rallo's sale of products outside of the United States is not relevant to any claim or defense in this action. The parties are advised that motions relating to discovery of the sales of products outside the Untied States will hereinafter be denied.

At the hearing, the parties agreed that topic number 10 is more appropriately addressed by Gallo's responses to Rallo's written discovery, which are forthcoming. Plaintiff's motion as to

3

topic number 10 is therefore denied, without prejudice to renewal should the responses to discovery be insufficient.

The Court finds that topic number 13 is duplicative of topic number 15. Because Gallo has agreed to produce the person most knowledgeable regarding topic number 15, Rallo's motion with regard to number 13 is denied as moot.

Finally, based on the parties' continued difficulty in complying with the requirements of Local Rule 37-251, the parties have agreed to the following mandatory schedule for meeting, conferring and briefing of all further discovery motions in this action, which the Court now adopts as its own Order:

1. All future meet and confer discussion shall be preceded by a letter by the moving party setting forth a list of the issues in dispute and the party's arguments regarding those issues;

2. The meet and confer discussion must take place by telephone, not merely by an exchange of written correspondence;

3. The opposing party must, upon receiving the meet and confer letter, respond within one business day by proposing three dates and times during the following five business days during which that party will be available to hold meet and confer telephonic discussion, absent extraordinary circumstances;

4. The meet and confer call must be completed at least three business days before the moving party provides the opposing party with the opening portion of the joint statement;

5. The moving party must serve the joint statement on lead counsel;

6. The moving party must serve the joint statement with a "re" line that indicates that a joint statement is attached;

7. The moving party must serve the opening portion of the joint statement by 12:00 noon PST on the Friday before the joint statement is due to be filed; and

1  8. The responding party must return the joint statement to the moving party with its
2  opposition completed by 12:00 noon on the Monday before the joint statement is
3  due to be filed.

## **ORDER**

For the above reasons, Rallo's motion to compel is GRANTED IN PART AND DENIED IN PART.  Rallo's motion with regard to topic numbers 9, 10, 11, 13 and 14 is DENIED.  Rallo shall serve an amended notice of deposition clarifying topic number 8.  Thereafter, Gallo shall produce for deposition, the person most knowledgeable in the categories identified in topic numbers 3, 4, 5 and 8, as well as the topics to which Gallo agreed in its original response to the deposition notice.  The parties shall agree on mutually agreeable dates for the depositions.  If the parties are unable to agree on a deposition schedule, the Court shall schedule the depositions.  All further discovery motions shall be subject to the modified meet, confer and briefing schedule described in this Order.  The failure of either party to comply with the modified schedule will be grounds for sanctions as the Court may deem appropriate which may include granting/denial of the motion at issue and/or monetary sanctions.

IT IS SO ORDERED.

Dated:   September 26, 2006                    /s/ Dennis L. Beck
3b142a                                     UNITED STATES MAGISTRATE JUDGE