UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. & J. GALLO WINERY, | 1:04cv5153 OWW DLB |
| Plaintiff, | ORDER RE PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH COURT'S JULY 17, 2006 ORDER |
| v. | (Document 111) |
| CANTINE RALLO, S. p. A., | |
| Defendant. | |

On September 1, 2006, Plaintiff E. & J. Gallo Winery ("Gallo") filed the instant motion to compel compliance with the Court's July 17, 2006 Order and for sanctions. On September 22, 2006, the matter was heard before the Honorable Dennis L. Beck, United States Magistrate Judge. D. Greg Durbin and Kathyleen A. O'Brien appeared on behalf of Gallo. Jonathan Moskin appeared on behalf of Defendant Cantine Rallo, S.p.A. ("Rallo").

## **BACKGROUND**

Gallo served its First Set of Interrogatories on May 5, 2006. Rallo responded on June 9, 2006. On July 17, 2006, the Court ordered Rallo to serve supplemental responses to Interrogatories Nos. 1-16, 18-20, 22, 24 and 25, within twenty (20) days. In doing so the Court stated:

>Plaintiff's interrogatories are directly related to the relevant issues and are likely the best way to obtain the requested information. While the requested information may be difficult to obtain given Defendant's status as a foreign entity, the expansive time period involved, and the detailed information requested, it does not relieve Defendant of its duty to provide responses to otherwise proper interrogatories. Defendant indicated at the hearing that it did not have information responsive to a number of the requests. Again, however, this does not absolve Defendant of its duty to provide a response to that effect.

Rallo provided supplemental responses on August 7, 2006. These supplemental responses are the subject of the present motion which Gallo filed on September 1, 2006, seeking to compel further responses the interrogatories and compliance with the Court's July 17, 2006 order. The parties filed their joint statement on September 19, 2006.

Gallo contends that in providing further responses, Rallo has employed the following evasive tactics:

1. Reference to Bates ranges of previously produced documents which do not answer the questions posed (See Responses to Nos. 2, 3, 5, 8, 9, 11, 14, 24 and 25);

2. Reference to Bates ranges of previously produced documents which do not answer essential parts of the questions posed (See Responses to Nos. 1, 6, 7, and 12);

3. Referring to Bates ranges of previously produced documents, including documents in Italian, from which it would be far more difficult for Gallo to obtain answers than it would be for Rallo (See Responses to Nos. 2-4, 8-10, 13, and 15-16); and

4. Instead of admitting it has no information, Defendant asserts that "further documents and/or details" are in the hands of unidentified third parties or have been lost or destroyed. (See Responses to Nos. 1-3, 5, 7-9, 11, 14 and 25).

Gallo requests a Court order requiring Rallo to immediately serve a second supplemental response which:

1. Provides a full and complete answer to each interrogatory for which it has or can obtain the answer through a diligent search and reasonable inquiry including Nos. 2-4, 8-10 and 13;

2. Withdraws its reference to any documents that do not answer the questions posed; and

3. States that after a diligent search and reasonable inquiry, Defendant has determined that it has no information responsive to each interrogatory for which that is the case.

1    Gallo also requests sanctions in the form of an order precluding Rallo from introducing
2 any evidence that it failed to produce in response to the interrogatories and an award of monetary
3 sanctions in the amount of $12,000.00.
4    Rallo contends the matters raised in this motion were resolved by the parties until Gallo,
5 on September 19, 2006 withdrew its agreement resolving the issues.  Rallo has served a further
6 supplemental response to the interrogatories in which it clarifies that it has not withheld
7 documents.  Rallo has also agreed to compile and produce a list of RALLO products and
8 exemplars.

## DISCUSSION

As Rallo has been advised on prior occasions, Gallo is entitled, as is Rallo, to complete and straightforward responses to discovery, from which Gallo can determine whether Rallo is withholding any information and if so, on what basis.  If the clear and unequivocal response to the interrogatory is that Rallo has produced all of the information it has been able to locate, then Rallo must so state.

Accordingly, Rallo will be given one final opportunity to respond to the subject interrogatories.  Rallo must provide these responses to Gallo on or before September 29, 2006. On or before October 3, 2006, the parties shall file with the Court an update on the issues covered by this motion, using the modified meet, confer and briefing schedule ordered by the Court at the September 22, 2006 hearing and memorialized in its September 25, 2006 Order.  If necessary, the Court shall hold a further hearing on this motion on October 6, 2006 at 9:00 a.m. in Courtroom 9.

IT IS SO ORDERED.

Dated:   September 26, 2006                    /s/ Dennis L. Beck
3b142a                                        UNITED STATES MAGISTRATE JUDGE

3