# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. & J. GALLO WINERY, | 1:04cv5153 OWW DLB |
| Plaintiff, | ORDER RE MOTION TO COMPEL FURTHER RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES |
| v. | |
| CANTINE RALLO, S. p. A., | |
| Defendant. | |

On May 5, 2006, Plaintiff E. & J. Gallo Winery ("Gallo") served its first set of interrogatories on Defendant Cantine Rallo, S.p.A. ("Rallo"). Rallo responded on June 9, 2006. On July 17, 2006, this Court ordered Rallo to serve supplemental responses to Interrogatory Nos. 1-16, 18-20, 22, 24 and 25. Rallo provided supplemental responses on August 7, 2006. On September 1, 2006, Gallo filed a second motion to compel relating to Rallo's responses and failure to comply with the Court's July 17, 2006 Order. On September 26, 2006, the Court issued its second Order requiring Rallo to provide supplemental responses to the same interrogatories, i.e., Interrogatory Nos. 1-16, 18-20, 22, 24 and 25. In this Order, the Court stated:

> Accordingly, Rallo will be given one final opportunity to respond to the subject interrogatories. Rallo must provide these responses to Gallo on or before September 29, 2006. On or before October 3, 2006, the parties shall file with the

1

Court an update on the issues covered by this motion, using the modified meet, confer and briefing schedule ordered by the Court at the September 22, 2006 hearing and memorialized in its September 25, 2006 Order. If necessary, the Court shall hold a further hearing on this motion on October 6, 2006 at 9:00 a.m. in Courtroom 9.

September 26, 2006 Order, p. 3:15-21.

On October 4, 2006, Gallo provided the Court with a letter brief, arguing that Rallo's Second Supplemental Responses were still inadequate and requesting that the October 6, 2006 hearing go forward. Gallo raised the following issues:

1. Rallo failed to identify the products and trademarks required by Interrogatory Nos. 1-4, 8-10 and 13;

2. Rallo failed to supplement its responses Interrogatory Nos. 4, 6, 7, 13, 22 and 24;

3. Rallo failed to provide the missing answers to Interrogatory Nos. 15 and 16;

4. Rallo's responses to Interrogatory Numbers 1, 2, 3, 5, 8, 9, 11, 14 and 25 still state that, "further details would be in the possession of its importers/distributors . . ."

Rallo provided the following in response:

1. Interrogatory Nos. 1-4, 8-10 and 13: Rallo attached documents Bates Stamped as R001073-R001080 and R001090 - R001101, which Rallo contends responds to the interrogatories;

2. Interrogatory Nos. 4, 6, 7, 13, 22 and 24: Rallo argues its supplemental interrogatories and prior stipulation resolved any issues relating to these interrogatories;

3. Interrogatory Nos. 15 and 16: Rallo argues that the parties agreed to share the costs of translating the documents referenced in response to these interrogatories but Gallo has failed to make arrangements to do so; and

4. Interrogatory Numbers 1, 2, 3, 5, 8, 9, 11, 14 and 25: Rallo argues that it has informed Gallo that Rallo's importers (particularly Banfi) have additional records but that the materials are not organized in such a way as to make it cost effective to undertake a thorough review of what appear to be incomplete materials. Rallo

1  argues that its reference to this awareness that many records are or were in the
2  possession of its importers/distributors is proper.
3      The Court held a hearing on October 6, 2006 at which time the Court ordered the parties
4  to submit the documents referenced by Rallo in response to the subject interrogatories. Gallo
5  subsequently submitted the referenced documents the Court. The Court has conducted a review
6  of the subject documents and now issues the following order regarding Rallo's responses to
7  Gallo's Interrogatory Nos. 1-11, 13-16, 22, 24, and 25.[1]

## **DISCUSSION**

A. <u>Legal Standard</u>

    Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter."

    Rule 33 allows parties to propound interrogatories to another party, who must answer under oath and in writing. The question may relate to anything within the permissible scope of discovery. Fed.R.Civ.P. 26(b). The party to whom the interrogatories are propounded must "furnish such information as is available to the party." Fed.R.Civ.P. 33(a). Normally, if the information sought is contained in the responding party's files and records, he or she is under a duty to search the records to provide the answers. *Govas v. Chalmers,* 965 F2d. 298, 302 (7th Cir. 1992). But where the information is contained in business records and answering the question would require the responding party to engage in burdensome or expensive research, and where the burden of deriving the answer would be substantially the same for both sides, the party may answer by specifying records from which the answer may be obtained and making them available for inspection. Fed.R.Civ.P. 33(d). The records must be offered "in a manner that permits the same direct and economical access that is available to the [responding] party." If compilations

---

[1] Based on Gallo's failure to reference Interrogatory Nos. 12, 18, 19 and 20 in its October 4, 2006 letter, the Court assumes, Rallo's supplemental responses to these interrogatories are not at issue.

3

and summaries exist, these should be made available.  Fed.R.Civ.P. 33(d), Adv. Comm. Notes (1980); *Puerto Rico Aqueduct & Sewer Authority v. Clow Corp.,* 108 F.R.D. 304, 306 (D.P.R.1985); *and see T.N. Taube Corp. v. Marine Midland Mortg. Corp.,* 136 F.R.D. 449, 454 (W.D.N.C.1991)(responding party's familiarity with its records and methods of organization would facilitate review of records in ways unavailable to opposing party).  A party who elects to avail itself of this option must "specify where in the records the answers [can] be found." *Rainbow Pioneer No. 44-18-04A v. Hawaii-Nevada Inc. Corp*, 711 F.2d 902, 906 (9th Cir. 1983). A responding party may not abuse the option by making vague references to "company files" or by directing the propounding party to a mass if undifferentiated records.  *Id.*  A party that knows or had access to an interrogatory response, may not use Rule 33(d) to avoid furnishing a response to the interrogatory where the answer is not apparent from the face of the documents.

**B.     Discussion**

       **1.     Interrogatory Nos. 1-4 and 8-10.**

These interrogatories seek information from Rallo regarding its products which bear the RALLO Marsala Trademark and RALLO Trademark and have been imported into the United States, distributed in the United States and sold in the United States, including the time periods in which the products were imported, distributed and/or sold and the quanity.

In response to each of these interrogatories, Rallo has identified the same large block of undifferentiated  documents produced in response to discovery, including R00015 - R000953, R000987 - R001008, R001021 - R001024; RR001027-38; R001058-1072; and R001073-94. The Court has reviewed these documents and finds that the information is not readily ascertainable from the documents as required by Rule 33(d).  Further, many of the documents do not qualify as "business records of the party upon whom the interrogatory has been served" as they appear to be third party business records which cannot be authenticated by Rallo.  Based on the volume of documents identified, and the repeated reference to the same documents in responding to all of the interrogatories, the Court finds it would be less burdensome for Rallo, who is far more familiar with its records and business, to provide the responses to the interrogatories based on the documents, than for Gallo to attempt to ferret the information from

the various documents. By identifying this many documents, Rallo concedes that the information sought by Gallo cannot be found by reference to a single document or even by reference to a few documents. Additionally, as to many of Gallo's specific questions, the documents simply do not provide the requested information (i.e. the date on which Rallo's products were first imported, distributed or sold in the United States). Since the answers Gallo seeks are not apparent from the documents and the burden of obtaining what information can be gleaned is not equal. Therefore Rallo must provide clear and straightforward answers to these interrogatories after their own evaluation of the documents and other information they have available evidencing the history of their products. If Rallo does not have the information it may simply so state, but Gallo is entitled to a straight forward answer to these interrogatories.

## 2. Interrogatory Nos. 6, 7, 13, 22 and 24

Interrogatory Number 6 seeks informative regarding the expenditures made by Rallo to advertise and/or promote Rallo products in the United States. In response, Rallo states that "all advertising and promotional efforts for RALLO wines have been the responsibility of Cantine Rallo's importers and distributors." In addition, Rallo identifies a series of documents, including, R 000988-R000997. Given Rallo's representation that it was not responsible for advertising or promotional efforts, its response to Interrogatory number 6 is sufficient. However, Rallo is reminded that it will not be permitted to use any information at trial, or in connection with dispositive motions, that was not provided in response to discovery. *See* Fed.R.Civ..P. 37(c)(1)[a party that, without substantial justification fails to disclose information sought in discovery or to amend a prior response, is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed .]

Interrogatory Number 7seeks information concerning Rallo products which bear the Rallo trademark and have been imported into the United States, including each supplier of the product, the time period during which the product was supplied and the time period in which it was imported. In response Rallo identifies the same documents identified in response to Nos. 1-4, 8-10 and 13. Rallo also provides the names and years of four importers. Rallo then adds the statement that "Further details would be in the possession of its importers/distributors." Rallo's

5

identification of documents in response to this interrogatory is insufficient under Rule 33(d) for the same reasons discussed above. If information responsive to this request is contained in the identified documents, Rallo must compile it and produce the same to Gallo. As for Rallo's qualification, Rallo is required to furnish "such information as is available" and its failure to do so will result in evidentiary preclusion under Rule 37(c)(1).

Interrogatory Number 13 seeks the identification of each label used on Rallo products ever sold in the United States, the products on which the label was used and the time period during which the label was used. In response, Rallo appropriately identified documents R0002; R0008-R00014; R000978-R000986; R001006-R001007, which appear to respond to the interrogatory. However, the documents provided to the Court are poor quality, black and white photocopies and they do not answer the second part of the interrogatory, that is, the first date and inclusive time period during which that label was used on each such product. Rallo must therefore further respond to this interrogatory by providing clear color copies of each label, together with a list of the wines on which they were used and the time periods in which they were used.

Interrogatory Number 22 asks Rallo to identify any employees Rallo has ever had residing in the United States. In response, Rallo states that it is not aware of any such persons. No further response to this interrogatory is necessary.

Interrogatory Number 24 asks whether the invoices Rallo has produced in this lawsuit identify all sales of Rallo products in the United States, and if not, Gallo requests information regarding all additional sales. In response, Rallo states, "no," and then identifies documents R. 00015-R000953; R000987-R001008; R001021-R001024, largely the same block of documents identified in response to Gallo's interrogatories requesting information relating to importation and distribution. As discussed Rallo's repeated reference to this block of documents does not respond to the interrogatories. Again, a party may not use Rule 33 to avoid the duty to fully respond to the interrogatories. Moreover, as noted by Gallo, this interrogatory asks specific information regarding invoices showing sales in the U.S. Many of the documents referenced in response to this interrogatory are documents relating to importation. As discussed above,

6

assuming these documents contain the requested information, they are not sufficiently identified or categorized to comply with the requirements of Rule 33(d).  The Court therefore finds that it would be less burdensome for Rallo to provide the compilation required.

        **3.**      **Interrogatories 15 and 16.**

Interrogatory Numbers 15 and 16 seek information relating to the transactions and persons involved in the chain of title transferring Rallo's trademark rights.  In response, Rallo identifies documents R 001009-R001020 (written in Italian) and states:

> Cantine Rallo further states that in 1860 Diego Rallo & Figli was created by Diego Rallo.  In 1989 Diego Rallo & Figli Spa sold the company to Nuova Rallo S.p.A.  In 1991 Nuova Rallo S.p.A. sold the company to Alvis S.p.A.  In 1996 Alvis was sold to Cispa and the Vesco Family.  (Cispa is owned by Vesco family.)  In 1998 Alvis changed the business name to Cantine Rallo S.p.A.  In 2002 the company Andrea Vesco &Fegli bought out the shares of Cispa and is now the only owner of Cantine Rallo.

Normally, in responding to a request for production of documents, the requesting party would bear the cost of translating documents written in a foreign language.   However, here, Rallo has made the decision to produce the documents in lieu of responding to an interrogatory, which imposes the duty on Rallo to provide documents from which the response to the interrogatory is clearly ascertainable.  Referencing documents written in a foreign language does not completely fulfill this duty.  In order to equalize the burden of deriving the information from the documents and because translation of these documents appears to be in the interests of both parties, the costs of translation, not to exceed $1,000.00 should be shared.  Rallo is therefore ordered to provide translated versions of the documents to Gallo and Gallo shall reimburse Rallo for ½ of the cost of the translation, not to exceed $500.00.

        **4.**      **Rallo's References to Documents in the Possession of its Importers/Distributors - Interrogatory Numbers 1, 2, 3, 5, 8, 9, 11, 14 and 25**

In responding to these interrogatories, Rallo has stated, "further details would be in the possession of its importers/distributors . . ."  Gallo argues that because Rallo has failed to support these claims that further details exist elsewhere, Rallo should be ordered to withdraw these statements.  Rallo represents that its importers (and in particular Banfi) have additional records that may be responsive to the interrogatories but that they are not organized in any way to make it

cost-effective to undertake a "thorough review of what appear to be hopelessly incomplete materials." The Court will not require Rallo to withdraw these statements as they do nothing but provide additional information to Gallo about the possibility of documents in the possession of third parties which Rallo is under no obligation to produce. Rallo is again reminded however, that documents offered at trial or in connection with a dispositive motion which were not produced in discovery will not be admitted into evidence.

**C.     Conclusion**

Based on the foregoing, the Court HEREBY ORDERS as follows:

1. Rallo shall further respond, without reference to documents, to Interrogatory Numbers 1-4 and 7-10 and 24 within 30 days of this Order;

2. Rallo shall further respond to Interrogatory Number 13 within 30 day sof this Order by providing Gallo with clear color copies of each label, together with a list of the wines on which they were used and the time periods in which they were used; and

3. Rallo is ordered to provide translated versions of documents identified in response to Interrogatory Numbers 15 and 16 as R001009-R001020 to Gallo within 30 days of this Order and Gallo shall reimburse Rallo for ½ of the cost of the translation, not to exceed $500.00.

The Court is cognizant of the difficulties facing Rallo's counsel in providing discovery given the time period involved in the claims and defenses as well as the nature and location of the client. However, these difficulties do not absolve Rallo or counsel from their duties to comply with the rules of discovery and do not warrant the mass production of documents in lieu of specific and straightforward responses to discovery. Rallo is cautioned that further such tactics in this case will result in sanctions against Rallo and its counsel.

IT IS SO ORDERED.

Dated:     **November 8, 2006**                   **/s/ Dennis L. Beck**
3b142a                                              UNITED STATES MAGISTRATE JUDGE