UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. & J. GALLO WINERY,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>CANTINE RALLO, S. p. A.,<br><br>　　　　　　　　Defendant. | )　1:04cv5153 OWW DLB<br>)<br>)　ORDER GRANTING IN PART<br>)　PLAINTIFF'S RENEWED MOTION FOR<br>)　LEAVE TO SERVE ADDITIONAL<br>)　INTERROGATORIES<br>)<br>)　(Document 135)<br>)<br>)<br>)<br>)<br>) |

On October 6, 2006, Plaintiff E. & J. Gallo Winery ("Gallo") filed the instant renewed motion for leave to file additional interrogatories. On November 1, 2006, the matter was heard before the Honorable Dennis L. Beck, United States Magistrate Judge. Kathyleen A. O'Brien appeared on behalf of Plaintiff. Jonathan Moskin appeared on behalf of Defendant Cantine Rallo, S.p.A. ("Rallo").

**BACKGROUND**

On May 5, 2006, Gallo filed a motion for leave to serve additional interrogatories. On May 30, 2006, the Court granted the motion in part as follows:

> During the hearing, it became clear that Defendant's main objection to the proposed second set of interrogatories, taking into consideration the outstanding first set of interrogatories and the recently answered request for production of documents, was that the cumulative effect of the discovery was overly burdensome.

1

> After reviewing both sets of interrogatories, it appears that the first set asks broad, general questions while the second set poses more specific, detail-oriented questions, and in fact, answers to the first set may provide answers to interrogatories in the second set. Plaintiff, however, indicated that at the very least, it needed names of witnesses so it could move forward with discovery. After further discussion, Defendant agreed to answer certain questions in the second set of interrogatories dealing with the identification of witnesses, and Plaintiff agreed to defer serving the remaining questions in the second set until receiving Defendant's responses to the first set and evaluating whether the remaining questions are necessary.
>
> Accordingly, Plaintiff's motion for leave to serve additional interrogatories is GRANTED IN PART. Plaintiff is granted leave to serve the following interrogatories: 29, 32, 42, 43, 45 and 46. Defendant shall respond in a timely manner. Upon receipt of Defendant's responses, Plaintiff shall evaluate the need for the remaining interrogatories. If the parties cannot reach an agreement, they may contact the Court.

May 30, 2006 Order, p. 3:8 -24.

On October 6, 2006, Gallo filed a renewed motion to serve additional interrogatories. Gallo originally scheduled the hearing on the motion for October 27, 2006; however, after a telephonic conference with the parties, the Court issued an order on October 13, 2006 re-setting the motion for November 1, 2006. Gallo filed its brief in support of the renewed motion on October 24, 2006 and Rallo filed its opposition on October 27, 2006 (as ordered).

Gallo seeks leave to serve 30 additional interrogatories related to the following:

1. Any new Rallo branded products Rallo intends to sell in the US, including the proposed labels and trademarks for each (No. 32);

2. Rallo's claims that the RALLO trademark for Marsala wine has acquired distinctiveness and is inherently distinctive (Nos. 33-34);

3. Rallo's trademark searches, legal review and acquisition of rights relating to its recent application to register the Rallo trademark (Nos. 35-36 and 39);

4. The total number of nine liter cases of Rallo Marsala wine and table wine that Rallo has sold in the US, and the total dollar amount Rallo spent on advertising and promoting such wines (Nos 37-38);

5. Facts supporting Rallo's laches and abandonment defenses (Nos. 40-43);

6. Rallo's knowledge of the use of Gallo's trademarks (Nos. 45-46);

7. Any use or promotion of the Rallo Trademark which is the subject of US Application No. 76221774 (Nos. 47-48);

8. Rallo's allegation that Gallo created its Gallo Hearty Burgundy wine in response to Rallo Segesta wine, which Rallo alleged for the first time in hearings before the Court on August 18, 2006 and September 22, 2006 (Nos. 49-51);

9. Complete lists of all Rallo Marsala and Rallo products which Rallo contends is currently being offered for sale in the US, including the retail price points and "top 10" outlets at which such products are sold (Nos. 44, 52-57);

10. Rallo's claim that is has produced documents showing alleged sale of Rallo products by Banfi, including statements that Rallo's counsel made at the August 18 hearing (Nos. 58-60); and

11. Rallo's claim that it has produced documents showing where Rallo products were allegedly sold through the 1990's including statements that Rallo's counsel made at the August 18 hearing (Nos. 61-62).

## DISCUSSION

Federal Rule of Civil Procedure 33(a) provides that a party must obtain leave of court to serve interrogatories in excess of the 25 permitted. Leave shall be granted "to the extent consistent with the principles of Rule 26(b)(2)," which states:

> The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (I) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

The party requesting leave to serve additional interrogatories must make a "particularized showing" why the additional discovery is necessary. Archer Daniels Midland Co. v. Aon Risk Services, Inc. of Minn., 187 F.R.D. 578, 586 (D. Minn. 1999); see also ND CA Rule 33-3 (requiring a request to propound additional interrogatories to explain in detail why it is necessary to propound each additional question); In re At Home Corp., 2005 WL 289976, *3 (N.D.Cal.

2005) (a party seeking over-limit depositions must make a "particularized showing of why the discovery is necessary").

Rallo's primary objection to the proposed interrogatories is that the information Gallo seeks by way of additional information has already been provided and the request comes after Gallo's already overburdensome first set of interrogatories. The Court agrees in part. Much of the information sought in the proposed interrogatories has been asked in prior interrogatories or requests for documents (Nos. 35-39, 44, 46 and 48 ) some of which are the subject of a motion to compel still under review by the Court.

Interrogatory Nos. 58-62 are unnecessary. In these interrogatories, Gallo seeks information from Rallo's counsel about statements made and documents produced, responses to which would be nothing more than second hand accounts of information he learned from other sources. Gallo will have the opportunity to depose these sources and therefore given that Gallo has already gone beyond the statutory limit, the Court denies Gallo's request to serve these additional interrogatories.

The Court finds that the remaining proposed interrogatories are not duplicative and seek information necessary to narrow the issues for dispositive motions and trial. Accordingly, Gallo's motion for leave to serve additional interrogatories is GRANTED IN PART. Gallo is granted leave to serve the following interrogatories: No. 32, as to products in which an application has been made and Nos. 33, 34, 40, 41, 42, 43, 45, 47, 49, 50, 51, 52, 53, 54, 55, 56 and 57. Defendant shall respond in a timely manner.

IT IS SO ORDERED.

Dated: **November 8, 2006**          **/s/ Dennis L. Beck**
3b142a                                     UNITED STATES MAGISTRATE JUDGE

4