# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. & J. GALLO WINERY, | 1:04cv5153 OWW DLB |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S RENEWED MOTION TO COMPEL |
| v. | (Document 134) |
| CANTINE RALLO, S. p. A., | |
| Defendant. | |

On October 6, 2006, Defendant Cantine Rallo, S.p.A. ("Rallo") renewed a prior motion to compel production of documents and responses to interrogatories. The matter was originally scheduled to be heard before the Honorable Dennis L. Beck, United States Magistrate Judge on October 27, 2006. The Court rescheduled the hearing to November 1, 2006 and then continued the motion to November 9, 2006. D. Greg Durbin and Kathyleen A. O'Brien appeared on behalf of Plaintiff E.&J. Gallo Winery ("Gallo"). Jonathan Moskin appeared on behalf of Defendant.

**A.    PRIOR ORDER**

On July 28, 2006, Rallo filed a motion to compel production of documents and responses to interrogatories. On September 7, 2006, the Court issued an Order granting the motion in part stating:

> The joint statement submitted in support of Defendant's motion fails to follow the format specified in Rule 37-251 and therefore leaves the Court uncertain as to the exact issues in dispute. The joint statement is difficult to follow and imposes a great burden on the Court to extract the remaining issues once Plaintiff's agreements to supplement have been considered. Therefore, other than the discovery requests specifically discussed below, the Court will defer ruling on Defendant's motion until (1) Plaintiff has supplemented its responses; and (2) the parties submit a joint statement that complies with the formal requirements of Rule 37-251. The Court is willing to extend the discovery deadlines if necessary, but the parties must do the work required of them and provide the Court with a product that is capable of proper and efficient analysis.

The Court ordered Gallo to "search the regional offices of markets in the United States where the products were distributed." But held that "[p]laintiff's knowledge of sales outside of the United States is not relevant."

With regard to Request Nos. 7-10, 43-46, Interrogatories 2, 3, 16-17, seeking information relating to Gallo's products that use the mark "Gallo" prominently, without the marks "E&J Gallo" or "Ernest & Julio Gallo," the court held:

> Defendant is entitled to exemplars of labels used during the relevant time period that both (1) use the mark "Gallo" prominently; and (2) do not also use the marks "E&J Gallo" or "Ernest & Julio Gallo."
> Similarly, Defendant is also entitled to an explanation of the sales (Bates GW0027) and advertising data (Bates GW 0028) produced so as to allow for meaningful evaluation.

The court ordered Gallo to produce supplemental responses consistent with the order within 20 days of service.

**B.    RALLO'S RENEWED MOTION**

On October 6, 2006, Rallo renewed its motion to compel. Rallo contends Gallo has failed to comply with the Court's September 7, 2006 Order in the following respects:

1.  Rallo contends Gallo has refused to conduct searches of its regional offices of markets in the United States where Rallo alleges its products were distributed for retail sale in quantity.

At the October 12, 2006 telephonic conference, at the Court's request, Gallo agreed to identify for the Court from Rallo's production of documents, those locations where substantial Rallo product was distributed and the location of the corresponding Gallo regional offices which

1  Gallo proposed searching for responsive documents.  Gallo is in the process of doing so and
2  intends to complete its review by November 30, 2006.   Accordingly, Gallo is ordered to submit a
3  list of the offices to Rallo by November 30, 2006 and thereafter perform the searches and
4  produce responsive documents or before January 1, 2007.

5       2.      Rallo contends Gallo has failed to adequately respond to document requests relating to two of its registered marks, Registration No. 444,756 and Registration
6              No. 891339 (Document Requests 1-6 and Interrogatory No. 1).

7  Gallo contends it has produced all exemplars and related documents it has been able to
8  locate and has agreed to continue to search and produce any such additional responsive
9  exemplars.  Defendant's Motion to Compel a further response is DENIED.

10      3.      Rallo contends that Gallo's supplemental responses describing the charts produced by Gallo and the information produced does not adequately explain
11             those products that use the mark "Gallo" without also using the marks "E&J Gallo" or "Earnest & Julio Gallo" or contain sufficient sales figures.
12             (Interrogatory Nos. 2, 3, 16-17 and Document Requests 7-10, 43-47)

13  Gallo contends it has supplemented its responses to Interrogatory Nos 2, 3, 16 and 17 and
14  Document Request Nos. 7-10 and 43-46 and has produced detailed lists identifying all responsive
15  Gallo products sold for each year between 1998 and 2006.  In addition, Gallo's supplemental
16  response served September 27, 2006, included a lengthy explanation of all of the information
17  contained in the documents at issue (GW000027-28).  Gallo therefore argues it has fully
18  complied with the Court's September 7, 2006 Order.

19  The dispute between the parties appears to involve the substance of the documents
20  produced and their meaning rather than whether or not Gallo has responded.  This dispute cannot
21  be resolved in the discovery process.  The parties will be free to make their respective arguments
22  regarding the meaning of the documents at trial and/or dispositive motions.  Defendant's Motion
23  to Compel further response is DENIED.

24      4.      Rallo contends that Gallo's responses to Interrogatory Nos. 4, 5, 6, 9, 10, 11, requesting an explanation of how Gallo became aware of Rallo products and its
25             actions after learning this information are inadequate and Gallo has failed to produce documents (Requests Nos. 11-12, 18, 21-23, 24, 25, 28).
26

27  Gallo states that it has fully responded to the interrogatories by explaining how it became
28  aware of Rallo's products and its actions after learning this information and has provided all the

information it has identifying persons with knowledge regarding those facts.  However, upon further inquiry, it appears that Gallo may have additional information regarding "Mr. Reidel," who undertook the investigation.  Accordingly, Gallo is ordered to provide a supplemental response to Interrogatory No. 4 in which Gallo shall further detail Mr. Reidel's investigation.  Gallo shall also supplement its response to Interrogatory No. 9.  Gallo shall also supplement its responses to Request for Document Nos. 21-24 by identifying, by Bates numbers, which documents are responsive to each request.

      4.      Rallo contends Gallo has failed to respond to its Second Request for Production of Documents which was directed to the state of the market and Gallo's reputation in the 1950's, 1960's and 1970's.  Rallo argues this information bears on the likelihood of consumer confusion when Rallo wines were first sold in this country and on Gallo's claim for dilution (Count Three) as well as its proposed new claim.

While Gallo still maintains that these requests are not relevant to a claim or defense in this action, Gallo has agreed to determine whether it has any of the requested information and if so, what would be involved in locating and producing it.  The Court finds that the requests are relevant to Gallo's dilution claim and therefore Gallo shall be ordered to produce any responsive documents on or before November 30, 2006, subject to Gallo's demonstrating that production would be unduly burdensome.

**ORDER**

Based on the foregoing, Rallo's renewed motion to compel is GRANTED IN PART AND DENIED IN PART as follows:

1. As discussed during the October 12, 2006 telephone conference, Gallo is ordered to submit a list of the offices it proposes to search to Rallo by November 30, 2006 and thereafter perform the searches and produce responsive documents or before January 1, 2007;

2. On or before November 30, 2006, Gallo shall provide a supplemental response to Interrogatory No. 4 in which Gallo shall further detail Mr. Reidel's investigation;

3. On or before November 30, 2006, Gall shall provide a supplemental response to Interrogatory No. 9;

4. On or before November 30, 2006, Gallo shall provide supplemental response to Request for Documents 21-24 by identifying, by Bates numbers, which documents are responsive to each request; and

5. On or before November 30, 2006, Gallo shall produce documents responsive to Rallo's second document request, subject to Gallo's demonstrating that production would be unduly burdensome.

IT IS SO ORDERED.

Dated: **November 20, 2006**        /s/ **Dennis L. Beck**
3b142a                              UNITED STATES MAGISTRATE JUDGE