# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. & J. GALLO WINERY, | 1:04cv5153 OWW DLB |
| Plaintiff, | ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL RALLO TO PRODUCE WITNESSES FOR DEPOSITION |
| v. | (Document 192) |
| CANTINE RALLO, S. p. A., | |
| Defendant. | |

On December 15, 2006, Plaintiff E. & J. Gallo Winery ("Gallo") filed the instant motion to compel defendant Cantine Rallo, S.p.A. ("Rallo") to produce witnesses for deposition in this district or a location agreed upon by the parties. On January 12, 2007, the matter was heard before the Honorable Dennis L. Beck, United States Magistrate Judge. Kathyleen A. O'Brien and Greg Durbin appeared on behalf of Gallo. Jonathan Moskin appeared on behalf of Rallo.

### **BACKGROUND**

Gallo has served a Rule 30(b)(6) deposition notice on Rallo, together with deposition notices on four Rallo witnesses: Andrea Vesco and Irene Greco, both of whom Rallo identified in its Initial Disclosures as having knowledge of Rallo's marketing and sales, Ignazio Marino, who Rallo identified as having knowledge of the history of Rallo wine and sales in the U.S., and Francesco Vesco, Rallo's owner and declarant. In the notices, Gallo identified Fresno, California

1 as the location for the depositions and set the depositions for the week of January 8, 2007 to
2 coincide with the previously scheduled settlement conference.  Rallo has taken the position that it
3 will not produce its witnesses in Fresno and that Gallo must depose them in Italy.  Gallo argues
4 that the Court should compel Rallo to bring its witnesses to Fresno for depositions to ensure
5 timely judicial intervention to resolve discovery disputes and to create a level playing field in
6 which both sides have access to the same discovery tools and evidence.  *See Vitamin Antitrust*
7 *Litig.*, 2001 U.S. Dist. LEXIS 25070, at *29 and *Dean Foods Co. v. Eastman Chem.Co.*, Coo-
8 4379 WHO, 2001 U.S. Dist. LEXIS 25447, at * 21 (N.D. Cal. Aug. 13, 2001).

9       Rallo opposes Gallo's motion and argues the four witnesses should be deposed in Italy,
10 where they live and work.  Rallo argues there is no basis to overturn the general rule that the
11 deposing party is required to take depositions in the vicinity in which the deponent resides.  Rallo
12 disagrees that discovery disputes are certain and notes that there were no disputes during the May
13 2006 deposition of Francoli, the only deposition taken so far in this case.  Rallo also points out
14 that this is not a case where its witnesses are refusing to appear voluntarily.  If the motion is
15 granted, Rallo argues that the depositions should take place in New York, which is a closer for
16 the witnesses than California and further that Gallo should bear the witnesses' travel expenses.

17       At the hearing, Mr. Moskin represented that defendant's motion for summary judgment
18 would be filed within the week and the only Rallo employee whose declaration would support
19 the motion would be that of Francesco Vesco, who resides and works in Italy.  Based upon this
20 representation, the parties agreed to reserve the deposition notice issues with regard to other
21 Rallo witnesses and counsel for Gallo agreed to limit the present motion to the deposition of
22 Francesco Vesco, both individually and as the corporate designee of Rallo pursuant to Federal
23 Rule of Civil Procedure 30(b)(6).

24 **DISCUSSION**

25       The deposition of a party (or its officers, employees, etc.) may be noticed wherever the
26 deposing party designates, subject to the Court's power to order an alternative location.  *See*
27 Fed.R.Civ.P. 26(c).  Normally, the deposition of a corporation through its agents, and officers
28 should be taken at its principal place of business.  However, modification may be made when

2

justice so requires.  In making its order, the Court considers convenience of the parties and relative hardships in attending at the location designated.  Rule 26(c) specifically provides for protection from "undue burden or expense."

Here, Rallo's principal place of business is located in Italy, which is also where the deponent resides and works.  The burden and expense of requiring Mr. Vesco and counsel to travel to California for this deposition is great as is the burden of requiring Gallo and counsel to travel to Italy.  In order to minimize this burden to both Gallo and Rallo, the Court finds that holding the deposition in New York, the location of Rallo's counsel, is an equitable alternative.  Accordingly, the Court HEREBY ORDERS as follows:

1. The deposition of Francesco Vesco, individually and as the corporate designee for Rallo shall take place at the New York offices of Morrison & Foerster on January 30, 2007 and continue through February 2, 2007.  Should these dates be unavailable, Mr. Moskin shall so inform Ms. O'Brien on or before January 16, 2007 and alternative dates during the same week shall be agreed upon.  The parties shall bear their own travel expenses for this deposition;

2. On or before January 23, 2007, Mr. Moskin shall inform Ms. O'Brien, in writing, the specific categories of the Rule 30(b)(6) deposition notice to which Mr. Vesco will testify.  The parties shall meet and confer regarding any confusion and/or ambiguities with respect to these categories;

3. The deposition issues regarding other Rallo witnesses whose deposition notices have been served and other Rallo Rule 30(b)(6) corporate designees are deferred until after a ruling on Rallo's motion for summary judgment.

IT IS SO ORDERED.

Dated: **January 16, 2007**            /s/ **Dennis L. Beck**
3b142a                                                        UNITED STATES MAGISTRATE JUDGE