1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10   E. & J. GALLO WINERY,              )   1:04cv5153 OWW DLB
                                        )
11                                      )   ORDER AFTER DISCOVERY STATUS
                                        )   CONFERENCE RE OUTSTANDING
12                     Plaintiff,       )   DISCOVERY
                                        )
13      v.                              )
                                        )
14                                      )
     CANTINE RALLO, S. p. A.,           )
15                                      )
                                        )
16                     Defendant.       )
     _____)
17

18          On February 6, 2007, the Court issued an Order Setting a Discovery Status Conference to

19   address numerous outstanding discovery issues.  Defendant Cantine Rallo, S.p.A. ("Rallo") filed

20   a status report on February 13, 2007 and plaintiff E & J Gallo ("Gallo") filed a status report on

21   February 20, 2007.  The Status Conference was held on February 26, 2007 before the Honorable

22   Dennis L. Beck, United States Magistrate Judge.  D. Greg Durbin and Kathyleen A. O'Brien

23   appeared on behalf of Gallo.  Jonathan Moskin appeared on behalf of Rallo.  On March 12, 2007,

24   the Court issued a Preliminary Order after Status Conference, addressing matters ruled on at the

25   conference.  The Court took several matters under submission and now issues the following

26   Order relating to alleged outstanding discovery deficiencies in Rallo's responses to Gallo's First,

27   Second and Third Set of Interrogatories and Gallo's First Set of Document Requests.

28

                                          1

**BACKGROUND OF DISCOVERY DISPUTES**

On January 25, 2006, the Court issued its Scheduling Order scheduling discovery to close December 22, 2006.  Shortly thereafter, discovery disputes between the parties began to fill the Court's docket.

On May 5, 2006, Gallo filed a motion to serve additional interrogatories, which the Court granted in part on May 30, 2006.

On June 6, 2006, Gallo filed a motion to compel Rallo to supplement its responses to Gallo's First Request for Production of documents and to produce documents, which the Court granted on June 13, 2006.

On June 23, 2006, Gallo filed a motion to compel further responses to its First Set of Interrogatories, which the Court granted on July 18, 2006.

On July 21, 2006, Gallo filed a motion to compel a written response to its First Set of Document Requests, as well as a privilege log and additional documents in compliance with the Court's June 13, 2006 Order.  Gallo also sought further response to its Second Set of Interrogatories.  In this motion, Gallo requested sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37-251.  On September 7, 2006, the Court issued an Order granting the motion in part but denying sanctions.  In doing so, the Court observed that the meet and confer process was successful in resolving most of the issues and that matters were complicated by the practical difficulties involved in representing a client (Rallo) in another country.  The Court therefore did not believe sanctions against Rallo were warranted but cautioned Rallo that, "**in no event will it be able to introduce at trial, without a showing of cause, evidence responsive to any of plaintiff's discovery requests which is not produced in discovery**."

On July 28, 2006, Rallo filed a motion to compel further responses to its First through Third Requests for Production of Documents and its First and Second set of Interrogatories. Rallo also requested sanctions pursuant to Rule 37 and Local Rule 37-251.  The Court denied the motion in part on September 7, 2006 and denied sanctions.  Observing that much of the argument in the parties' briefs was irrelevant to the issues and unhelpful in resolving the motion at hand,

1   the Court cautioned, "the parties should refrain from disparaging each other and the quality of
2   each other's products, i.e., describing wines as 'cheap jug wines' or 'cooking wines' . . . . such
3   remarks serve only to detract the Court from the legal and factual disputes at issue."

4   On September 1, 2006, Gallo filed a motion to compel compliance with the Court's July
5   17, 2006 Order relating to interrogatories and a request for sanctions.  On September 1, 2006,
6   Rallo filed a motion to compel Gallo to produce witnesses in response to Rallo's notices of
7   depositions and for sanctions.

8   On September 26, 2006, the Court granted Rallo's motion in part.  In addition, based on
9   the parties' continued inability to comply with the requirements of Local Rule 37-251, the Court
10  ordered an alternative schedule for meeting, conferring and briefing of all further discovery
11  motions.

12  On September 26, 2006, the Court also entered an order granting Gallo's motion to
13  compel compliance with the July 17, 2006 Order relating to interrogatories.  In this order, the
14  Court admonished Rallo regarding the duty to provide clear and unequivocal responses to the
15  interrogatories.  Notwithstanding Rallo's apparent failure to obey the Court's Order of July 17,
16  2006 to respond to Gallo's interrogatories, the Court granted Rallo "one final opportunity to
17  respond to the subject interrogatories."  The Court set a further hearing for October 6, 2006 to
18  address any additional issues regarding the interrgoatires.  On October 4, 2006, Gallo provided
19  the Court a letter brief advising that Rallo's second supplemental responses were still inadequate.
20  On October 6, 2006, the Court held a further hearing and ordered the parties to submit the
21  documents referenced in the disputed interrogatories to the Court for *in camera* review.  On
22  November 8, 2006, the Court issued a further Order regarding the interrogatories requiring Rallo
23  to further respond.

24  On September 22, 2006, Gallo filed another motion to compel Rallo to produce
25  documents and to supplement its response to Gallo's Second Request for Production.  The parties
26  were able to resolve the issues in an informal telephonic conference with the Court on October
27  12, 2006.

28

On October 6, 2006, Rallo filed a motion to compel production of documents in response to document request, to compel further responses to interrogatories and to compel compliance with the Court's September 7, 2006 Order. Rallo also requested sanctions. The Court granted the motion in part on November 20, 2006 but no ordered no sanctions.

On October 6, 2006, Gallo filed a renewed motion for leave to serve additional interrogatories. The Court granted the motion in part on November 8, 2006.

On November 3, 2006, Gallo filed a renewed motion to compel compliance with the Court's June 13, 2006 and September 7, 2006 Orders compelling answers to Gallo's first set of requests for documents and for sanctions.

Before the hearing on the November 3, 2006 motion, on November 17, 2006, Gallo filed a motion to compel compliance with the September 7, 2006 Order compelling responses to Gallo's second set of interrogatories and request for sanctions.

The same day as the hearing on the November 17, 2006 motion, on December 15, 2006, Gallo filed a motion to compel Rallo to produce witnesses for deposition in this District. The Court granted the motion in part on January 16, 2007.

On December 22, 2006, the Court held a telephonic hearing in chambers to resolve deposition issues.

The parties then began to file letter briefs with the Court requesting assistance with discovery issues. On January 23, 2007, Gallo filed a request for an order compelling Rallo to produce deposition witnesses. On January 26, 2007, Gallo filed a request for a court order regarding continued deficiencies in Rallo's discovery responses. On February 2, 2007, Gallo filed a request for a court order requiring Rallo to serve a Rule 26 rebuttal expert witness report. On February 5, 2007, Gallo filed a request for court assistance relating to outstanding discovery matters. In response to these requests, the Court set the Discovery Status Hearing that resulted in this Order.

If not specifically addressed by this Order, the Court finds no grounds for further order on the discovery responses identified by Gallo in its January 26, 2007 correspondence.

///

1    <u>**OUTSTANDING DISCOVERY ISSUES**</u>

2    A.    <u>**Rallo's Responses to Gallo's First Set of Interrogatories:**</u>

3         Interrogatories 1 - 4, 7 - 10 and 24.  These interrogatories seek information regarding

4    Rallo Product bearing a RALLO Marsala Trademark and RALLO Trademark.  In its November

5    8, 2006 Order, the Court specifically ordered Rallo to supplement its response to these

6    interrogatories, *without reference to documents.*  Rallo's supplemental responses continue to

7    reference documents.  Based on the Court's prior Order, Rallo is HEREBY precluded from using

8    the documents identified in these responses to supplement, contradict or amend to the narrative

9    responses to these interrogatories at trial or in dispositive motions.  Rallo may, however, use the

10   documents to verify or support the narrative responses.

11        To the extent Gallo complains about the substance of Rallo's responses, the Court is not

12   in a position to rule on whether or not the products identified in fact bear the Rallo trademark as

13   it is defined by Gallo in its' interrogatories or requests to produce.  These are arguments that go

14   to the strength of the evidence and are more appropriately made at trial or in connection with

15   dispositive motions.

16        Rallo is reminded that with regard to Interrogatory Nos. 1-4 and 7-10, that information

17   relating to the time periods during which the identified products were imported, distributed or

18   sold in the United States, or the quantity, that was not included in its response to these

19   interrogatories, without reference to documents, <u>**shall be inadmissible at trial or in motions for**</u>

20   <u>**summary judgment**</u>.  Specifically, where Rallo responded that it had "no date of last sale," it

21   will not be allowed to introduce evidence regarding the dates of sales of this product.

22        Interrogatory No. 13 seeks the identification of each label used on Rallo products sold

23   in the United States, the products on which the label was used and the time period during

24   which the label was used.  Gallo asserts that Rallo has failed to produce the labels for wines

25   referenced in Francesco Vesco's declaration in support of Rallo's motion for summary

26   judgment which states:

27        Although the Rallo table wines sold in the United States historically were sold
        primarily under the name Segesta, which was quite successful for many years,
28        other Rallo table wines include other fine wines: Normano White Wine,

Normano Red Wine, Rose' dei Vicere' Rose' Wine, Etna Rosso DOC Red
Wine, Alcamo DOC White Wine, Colle Selvaggioo Sparkly Wine and three
Spumante Gran Spumante Rallo, Royal Club and Royal Brut.

To the extent these listed wines are "Rallo Product" as defined in Gallo's First Set of

Interrogatories and were ever sold in the United States, Rallo must produce the labels of these

products, identify the products on which the label was used, and the first date and inclusive

time period during which the label was used, as ordered by the Court on November 8, 2006,

WITHIN 5 DAYS OF THIS ORDER.  If Rallo fails to do so, Rallo must serve a written

explanation to Ms. O'Brien and the Court.  Failure to do so will result in paragraph 4d of the

Vesco declaration being stricken.  As discussed below, Rallo will be sanctioned for its failure

to obey the November 8, 2006 Order.

Interrogatory Number 24 asks whether the invoices Rallo has produced in this lawsuit

identify all sales of Rallo products in the United States, and if not, Gallo requests information

regarding all additional sales.  Rallo continues to identify documents relating to importation.

As discussed above, Rallo is precluded from using the referenced documents to supplement or

amend the narrative responses.  Further, Rallo is precluded from using any documents or

evidence relating to sales in the United States which documents it has not provided in response

to No. 24, as modified by this order.  Rallo is not precluded from arguing that importation is

circumstantial evidence of sales.

B.    **Gallo's Third Set of Interrogatories to Rallo**.

Interrogatory No. 33 (formerly No. 27) seeks information related to Rallo's claim that

its name and mark for Marsala Wine which was the subject of US Supplemental Registration

No. 738050 has "acquired distinctiveness."  Rallo was ordered to respond to Interrogatory No.

33 in the Court's November 8, 2006 Order.  Rallo's supplemental response of December 8,

2006 fails to respond to this interrogatory and therefore Rallo will be sanctioned as discussed

below.  Rallo is also precluded from using any evidence requested by Interrogatory No. 33 in

this action that is not set forth in its responses.

Interrogatory No. 44 seeks information regarding Rallo Product bearing a Rallo Marsala

Trademark that is being sold in the United States including, any trademark that appears on the

1   product, the date of the first sale and the retail price point of each such product.  In response,

2   Rallo identified the following wines: RALLO Carta d'Oro Bianco Alcamo Doc; RALLO Vesco

3   Rosso IGT Sicilia; RALLO Alao IGT Sicilia; RALLO Gruali IGT Sicilia; RALLO Nero d'

4   Avoloa Doc Alcamo; and RALLO Moscato di Pantelleria Doc.  Rallo also stated that RALLO

5   Moscato was first imported in 1995 and otherwise, Cavallo Sicillian wines began importing

6   and selling the above wines in 2005.  Rallo also stated that Distillerie Stock has in inventory

7   RALLO Marsalla Superior Dry, RALLO Marsala Superiore Sweet and RALLO Marsala Buona

8   Cucina, which have been sold in the United States since 1955.  Rallo's response fails to

9   provide information relating to pricing, trademark, and specific dates of first sales.

10   Consequently, other than specifically provided in response to Interrogatory No. 44, Rallo is

11   precluded from offering any evidence requested by Interrogatory No. 44, at trial or in

12   dispositive motions.  Rallo is limited to its answer to Interrogatory no. 44 on these issues.

13         With regard to Interrogatory Numbers 45, 47, 48, 49 and the pricing information sought

14   in Interrogatory No. 44, Rallo has failed to state that it has no responsive information but

15   instead, Rallo responds by referring Gallo to the possibility that a third party may possess the

16   information.  On numerous occasions prior to Rallo's December 8, 2006 response to the Third

17   Set of Interrogatories, the Court has admonished Rallo about the obligation to provide

18   straightforward answers stating that it has no information responsive to the request, if that

19   indeed was the case.  *See* 7/17/2006 Order at 2:20-22; 9/7/2006 Order at 3:23-37; 9 9/26/2006

20   Order at 3:10-14 and 11/8/2006 Order at 5:9-10.  Nevertheless, Rallo has repeated this

21   discovery abuse in its responses to the Third Set of Interrogatories.  Rallo will be sanctioned for

22   this failure to obey the Orders of this Court as discussed below.  Rallo is further precluded from

23   using at trial or in dispositive motions, any evidence responsive to these Interrogatories,

24   without leave of court.

25   **C.    Gallo First Set of Requests for Production of Documents to Rallo**.

26         Request Nos. 1 and 2 seek color exemplars of labels.  See Order re Interrogatory No. 13

27   above.

28

Request Nos. 1- 11, 13-14, 16 - 24, 28 -30, 31, 33 - 40, 42- 54 56-57, 59 -63, 65 - 73 and 76 - 80.  Gallo complains that Rallo has improperly qualified a number of its responses, failed to state whether it had produced all documents and improperly referred Gallo to documents in the possession of a third party.  The Court finds Rallo's supplemental responses to Gallo's first set of document requests sufficient especially in light of the language added to the general objections:

> Cantine Rallo has produced all documents it has thus far been able to locate responsive to these requests and is not withholding production of any documents . . . Cantine Rallo further supplements its responses to the above document requests to clarify that as to requests for production 1-8, 10-18-20, 21, 23-25, 28-31, 33-34, 36-51, 53-62, 64, 67-70, 77-80, it has not withheld any documents or information on the basis of any of its stated objections, including on the grounds of privilege, and that, in the exercise of due diligence in searching for documents and information covering more the fifty years encompassed by E&J Gallo's requests, that it is not aware of additional documents in its possession or control.

Defendant's Second Supplemental Response to Plaintiff's First Request for Production of Documents to Defendants Cantine Rallo, S.p.A., p. 2:6-16.

However, Rallo will not be able to use any documents which are responsive to Gallo's requests and which have not been produced.

## D.      Sanctions for Failure to Comply with the Court's November 8, 2006 Order.

The determination to sanction is subject to a court's sound discretion.  *See Dahl v. City of Huntington Beach*, 84 F.3d 363, 367 (9th Cir. 1996); *Wages v. Internal Revenue Service*, 915 F.2d 1230, 1235 (9th Cir.), *cert. denied*, 489 U.S. 1096, 111 S.Ct. 986 (1991); *Erickson v. Newmar Corp*. 87 F.3d 298, 303 (9th Cir. 1996).  "For a sanction to be validly imposed, the conduct in question must be sanctionable under the authority relied on."  *Cunningham v. County of Los Angeles*, 879 F.2d 481, 490 (9th Cir.) (internal quotations omitted), *cert. denied*, 493 U.S. 1035, 110 S.Ct. 757 (1990).

Federal judges have broad powers to impose sanctions for abuses of process.  *Gas-A-Tron*, 534 F.2d at1324-1325.  The sources of power to sanction include federal statutes and procedural rules, local rules, and a court's inherent power.  For instance, this Court's Local Rule 11-110 provides: "The failure of counsel or of a party to comply with these Rules or with

1   any order of the Court may be grounds for imposition by the Court of any and all sanctions

2   authorized by statute or Rule or within the inherent power of the Court."

3     The party who prevails on a motion to compel is entitled to his or her expenses,

4   including reasonable attorney fees, unless the losing party was substantially justified in making

5   or opposing the motion.  F.R.Civ.P. 37(a)(4)(A).

6     Under Federal Rule of Civil Procedure 37(b)(2), if a party "fails to obey an order to

7   provide or permit discovery" a court "may make such orders in regard to the failure as are just,"

8   including to:

9     1. Designate facts as established;

10     2. Refuse to allow the disobedient party to support or oppose designated claims;

11     3. Prohibit the disobedient party from introducing designated matters in evidence;

12     4. Strike out pleadings or parts thereof;

13     5. Stay further proceedings until an order is obeyed;

14     6. Dismiss an action, proceeding or any part thereof; or

15     7. Render judgment by default against the disobedient party.

16   F.R.Civ.P. 37(b)(2)(e) authorizes monetary sanctions and states in pertinent part:

17
18
19     In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that failure was substantially justified or that other circumstances make an award of expenses unjust.

20     As described above, the discovery disputes in this case have been numerous.  Neither

21   party has been entirely without fault in adding to the costs of discovery.  However, as pointed

22   out above, Rallo has consistently and repeatedly failed to respond to discovery requests in a

23   straightforward manner necessitating numerous and repeated motions to compel and requiring

24   Gallo to expend tens of thousands of dollars in attorney fees.  Furthermore, Rallo has failed to

25   comply with very specific portions of this Court's November 8, 2007 Order.

26     Accordingly, the Court imposes sanctions against Rallo and counsel in the amount of

27   $10,000.00 for its conduct in necessitating numerous motions to compel by Gallo which were

28   granted by the Court and its specific failure to obey the Court's Order of November 8, 2006.

These sanctions are payable to Gallo's counsel within 20 days of service of this Order.  As discussed in this Order, Rallo is also precluded from using at trial or in dispositive motions, evidence which has not been provided to Gallo in response to discovery.


    IT IS SO ORDERED.

**Dated:**   **March 21, 2007**            _____ **/s/ Dennis L. Beck**_____

3b142a                                    UNITED STATES MAGISTRATE JUDGE