1  Ellen McGinty King (No. 71490)
   WHITE & CASE LLP
2  Five Palo Alto Square, 10th Floor
   3000 El Camino Real
3  Palo Alto, CA 94306
   Telephone: 650-213-0300
4  Facsimile: 650-213-8158

5  Jonathan E. Moskin (pro hac vice)
   WHITE & CASE LLP
6  1155 Avenue of the Americas
   New York, New York 10036
7  Telephone: (212) 819-8200
   Facsimile: (212) 354-8113
8
   Attorneys for Defendant
9  Cantine Rallo, S.p.A.

10            IN THE UNITED STATES DISTRICT COURT

11               EASTERN DISTRICT OF CALIFORNIA

12
   E & J GALLO WINERY, a California      )
13 corporation,                          )
                                         )
14        Plaintiff,                     )   Case No. CIV-F-04-5153 **LJO** DLB
                                         )
15        vs.                            )
                                         )   **CANTINE RALLO MEMORANDUM IN**
16 CANTINE RALLO, S.p.A.,                )   **OPPOSITION TO STRIKE TESTIMONY**
                                         )   **OF HARRY MARIANI**
17        Defendant.                     )

18 _____

19
            Cantine Rallo, S.p.A. ("Cantine Rallo") respectfully submits the following
20
   memorandum in opposition to E&J Gallo's motion to strike the testimony of Harry Mariani.
21
22          **I.   PRELIMINARY STATEMENT**

23          Beginning at least as early as October 3, 2006 and continuing until only days before E&J

24 Gallo sought to cancel the court-ordered deposition of Harry Mariani, President of Banfi Vintners,

25 Cantine Rallo <u>repeatedly</u> offered to E&J Gallo to facilitate inspection of a number of boxes of

26 unsorted records of Banfi from the 1980's (which happened to make occasional reference to RALLO

27 wines). Despite such offers and despite repeated confirmations by the undersigned counsel and Banfi

28
                          Def. Memo Opposing Motion to Strike Harry Mariani Testimony
                                                          Case No. CIV-F-04-5153 OWW DLB

NEWYORK 6050262 v1 (2K)

that all known business records had been produced, E&J Gallo has now fabricated a story completely misrepresenting the truth – solely to try to exclude the evidence presented by Banfi and Mr. Mariani.  That evidence, confirming the ongoing and successful sales of RALLO wines at retail stores from 1955 to well past 2000 (when a new importer and distributor took over from Banfi) demonstrates why E&J Gallo's complaint should be dismissed on grounds of laches, and confirms as well why, given the coexistence of the parties products for more than fifty years without any evidence of actual confusion or dilution, E&J Gallo's claims are also substantively without merit.  Indeed, the very fact that E&J Gallo has gone to such lengths to manufacture legal grounds to shield the Court from the truth is damning proof why this case should be dismissed.

1. Banfi Vintners Made Available Beginning In October 2006 All of the Records E&J Gallo Elected Not To Review

On August 18, 2006, well before E&J Gallo had served any subpoena on Banfi, Cantine Rallo, of its own accord, produced to E&J Gallo all of the records Banfi retained in an organized fashion concerning its historical sales and promotion of RALLO wines.  Because these documents were obtained by Cantine Rallo, they were numbered with Cantine Rallo production numbers, R 001027 - R 001072.  (Supp. Moskin Decl. ¶ 2.)

Beginning at least as early as <u>October 2006</u>, the undersigned counsel for Cantine Rallo advised E&J Gallo that, in addition to the documents that had been photocpied and produced, Banfi also had located a number of additional boxes of disorganized documents from the 1980s of no apparent relevance.  They had apparently been assemble many years ago for an audit, and were not actually discarded only as a result of an oversight.  Although they contained occasional references to RALLO wines, they were not organized in any way. (Id. ¶¶ 3-4.)  Despite the fact that the undersigned counsel has, <u>since October 2006,</u> been offering E&J Gallo an opportunity to review roughly 75-100 boxes of discarded materials in the basement of Banfi Vinters, and despite counsel's

having advised E&J Gallo repeatedly of the apparent uselessness of the materials, E&J Gallo has constructed a baseless theory that it has somehow been precluded the opportunity to view the documents or that Cantine Rallo is somehow withholding relevant materials. In fact, Banfi Vintners has more than complied with the two subpoenas E&J Gallo subsequently served upon it, and plaintiff has offered no coherent theory or theory supportable under Fed.R.Civ.P. Rule 45 either to fault Banfi for its complete cooperation with the subpoena or to sanction Cantine Rallo for Banfi's conduct. Copies of Banfi's responses to the two subpoenas, both timely served, are attached as Exhibit C and D to the Supplemental Moskin Declaration.

Fed.R.Civ.P. Rule 45(d) specifies that, in response to a subpoena, a party shall (1) produce [documents] as they are kept in the ordinary course of business or shall organize and label them to correspond with the categories in the demand." From October 2006 to date, Banfi has agreed that the 75-100 boxes of documents are available for E&J Gallo's discovery and inspection as they are maintained. E&J Gallo has simply elected not to avail itself of the opportunity to review them. Rule 45(c)(1) also provides that an attorney serving a subpoena shall "take reasonable steps to avoid imposing an undue burden or expense on a person subject to that subpoena." If E&J Gallo deemed it an undue burden and expense to have its counsel, which has offices in New York where Banfi is located, visit Banfi's offices to review the documents, it is not reasonable for it to impose on Banfi (much less Cantine Rallo) an obligation to devote literally days combing through irrelevant materials because there might be an occasional reference to RALLO wines in the collection of records.

Finally, Rule 45(c)(2)(B) expressly provides that a subpoenaed party may "within 14 days after service of the subpoena or before the time specified for compliance … serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials…" The Rule further specifies that "If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials … except pursuant to an order of the

court by which the subpoena was issued." Notwithstanding that Banfi had already produced all responsive documents, and that the undersigned counsel had confirmed as much in writing, even before the expiration of 14 days from the issuance of the second subpoena to Banfi, E&J Gallo sought an order, not from the court in New York where Banfi is located, but from Magistrate Judge Beck in this Court, compelling Banfi to respond further to the subpoena.[1]

Notwithstanding that E&J Gallo knew that Banfi was represented in this matter by the undersigned counsel, it also improperly contacted the company directly to coerce further compliance with the second, redundant subpoena. The undersigned counsel objected on February 15 and further objected that the second subpoena was needless duplicative and redundant. (Supp. Moskin Decl Ex. B) Withal, there is no basis for E&J Gallo's belated objection to Banfi's compliance with the subpoenas served on it and no basis to exclude any testimony offered by Banfi.

2. <u>Cantine Rallo Has Fully Complied With Judge Beck's Orders</u>

Magistrate Judge Beck's March 9, 2007 Order, which did not set forth the basis for his exercise of jurisdiction over Banfi or Mr. Mariani pursuant to either of the two subpoenas issued by E&J Gallo from the United States District Court for the Eastern District of New York, directed Banfi to respond to the subpoena in the following terms: "4. Mr. Moskin was ordered to provide Ms. O'Brien, on or before March 2, 2007, Harry Mariani's response to Gallo's subpoena served on February 13, 2007." There is no dispute that Banfi (or Cantine Rallo) fully complied with his order. (Supp. Moskin Decl Ex. D.)

a. <u>Response to E&J Gallo's Second Repetitive Subpoena</u>. Although, as E&J Gallo emphasizes in its brief, the Magistrate Judge discussed during oral argument the possibility of requiring Banfi's President to provide a declaration attesting to the facts already confirmed to E&J Gallo (i.e. that Banfi had produced all documents responsive to the subpoenas), his written order

---

[1] Again emphasizing that third parties bear responsibilities different from litigants, 45(c)(2)(B)

made no mention of any such instruction (assuming of course he had jurisdiction to do so). The undersigned counsel fully complied with the order by serving formal responses to the second repetitive subpoena (within less than 14 days of its first issuance) (Supp. Moskin Decl. Ex. D); by providing a letter from Banfi confirming all documents had been produced (Id. Ex. E), and by confirming once more that Mr. Mariani was available for his deposition and that if E&J Gallo wished it could review the 75-100 boxes of documents on Banfi's premises when it appeared for his deposition (Id. ¶2, 3, 9; Ex. A).

In a transparent effort to create a trap to avoid the deposition E&J Gallo had itself sought to compel, at almost midnight the Friday before Mr. Mariani's scheduled deposition, E&J Gallo threatened not to proceed with the examination solely on the grounds that Banfi had not produced the 75-100 boxes of documents it in fact made available to E&J Gallo beginning in October. The undersigned counsel thus confirmed yet again that the records had been made available and that Mr. Mariani would appear for his deposition on Tuesday morning, as promised. He did, and his transcript is submitted herewith. (Supp. Moskin Decl Ex F.)

b. <u>Mr. Mariani's Declaration</u>. As set forth in Cantine Rallo's request for reconsideration of Judge Beck's March 31 order, the company has more than complied with all of E&J Gallo's discovery requests – including all information in its possession regarding dates of sales of specific products. Although E&J Gallo objects that there is information in Mr. Mariani's declaration that is responsive to certain of its discovery requests, it identifies no such requests and fails to acknowledge that the information <u>Mr. Mariani possesses</u> is not, by dint of that fact alone, information <u>Cantine Rallo possesses</u>. Similarly for information the former owner of the company, Giacomo Rallo, possesses: Cantine Rallo is not in a position to provide narrative interrogatory responses to interrogatories based on knowledge of third parties, including the prior owner of the company or the

---

expressly provides that if on order is entered by the court that issued the subpoena, it shall

prior US importer and distributor. E&J Gallo cites no precedent to support such an expansive reading of the burdens under Rules 33 or 34.

It is indeed ironic that E&J Gallo further faults Cantine Rallo for repeatedly stating it in its own responses to discovery requests that further information would be in possession of the importers and distributors. Although E&J Gallo has wasted no effort in this case chastising Cantine Rallo and trying to paint it black, the fact is the company has expended extraordinary efforts responding to needlessly complicated and seemingly irrelevant discovery requests, and virtually every discovery motion made by E&J Gallo (if not indeed <u>every</u> such motion) was made only after the parties had seemingly resolved their disputes by stipulation. Indeed, because of the enormous costs of responding to such motions, Cantine Rallo felt it had little choice but to accede to E&J Gallo's requests rather than fight them. (The current dispute over Mr. Mariani's testimony indeed follows the same pattern. Cantine Rallo agreed to provide its full cooperation scheduling the deposition; E&J Gallo then needlessly sought an order confirming his deposition, after which it refused to appear to take his testimony. It all has the appearance of a great charade to create a procedural trap, thereby creating a sideshow to divert attention from the merits of the case.

3. <u>Cantine Rallo Timely Produced Mr. Mariani's Declaration</u>

When Cantine Rallo obtained the declaration of Harry Mariani in August 2006, it was with the expectation of moving forthwith for summary judgment once E&J Gallo provided certain minimal responses to written discovery and produced its witness(es) in response to Cantine Rallo's April 2006 deposition notice. (As noted in Cantine Rallo's actual motion, that never happened and it ultimately moved to dismiss without even being able to depose E&J Gallo.) Had additional relevant facts emerged prior to the filing of the motion to dismiss, Cantine Rallo would have sought a revised declaration from Mr. Mariani to address those facts (in the meantime treating the declaration as work product). E&J Gallo cites no authority that Cantine Rallo had a legal duty to disclose parts of its

anticipated summary judgment motion before actually filing the motion. Certainly E&J Gallo has known since virtually the outset of this case that Banfi was the importer and distributor of RALLO wines for virtually the entire history of such sales here; there is no suggestion it could not have subpoenaed Banfi at any time to have taken the deposition of persons at the company knowledgeable about the relevant business.

Not only is there no known legal basis for requiring premature disclosure by Cantine Rallo of its anticipated summary judgment motion, in all the time (from service of Cantine Rallo's summary judgment motion in January to March 30, when E&J Gallo filed the present motion), it never objected to the timeliness of the service of Mr. Mariani's declaration and not only had ample opportunity to cross examine Mr. Mariani but voluntarily sought to cancel the deposition for which it had obtained a court order. No prejudice has been shown.

## II.  CONCLUSION

For the foregoing reasons, Cantine Rallo requests that E&J Gallo's motion to strike Mr. Mariani's testimony be denied in its entirety, together with such other and further relief as the Court deems just and proper.

WHITE & CASE LLP

s\Jonathan Moskin
Jonathan Moskin

Attorneys for Defendant
Cantine Rallo, S.p.A.

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of April, 2007, I served a copy of the foregoing **CANTINE RALLO MEMORANDUM IN OPPOSITION TO STRIKE TESTIMONY OF HARRY MARIANI** on the attorney for the Plaintiff, Kathyleen O'Brien by ECF filing.

s\Jonathan Moskin
Jonathan E. Moskin
WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036